UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

YILI QIU, Individually and on Behalf of All    :
Others Similarly Situated,

                              :

              Plaintiff,         :

                              :

             v.                :   21-cv-3502 (PKC) (RML)

                              :

TARENA INTERNATIONAL, INC.,         :   **Oral Argument Requested**
SHAOYUN HAN and YUDUO YANG,     :

                              :

            Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

 

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**<u>DEFENDANT TARENA INTERNATIONAL, INC.'S MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .............................................................................................................................2

I.      PLAINTIFFS FAIL TO ALLEGE A STRONG INFERENCE OF SCIENTER ...............2

          A.      Plaintiffs Fail To Allege Motive and Opportunity To Commit Fraud.....................2

          B.      Plaintiffs Fail To Allege Conscious Misbehavior or Recklessness ........................3

          C.      The Alleged Facts Support A Far More Compelling Inference of Non-Fraudulent Intent........................................................................................................7

II.     PLAINTIFFS HAVE NOT ALLEGED THAT CERTAIN  ACCOUNTING JUDGMENTS WERE ACTIONABLE................................................................................8

III.    PLAINTIFFS CANNOT ASSERT CLAIMS FOR ALLEGED MISSTATEMENTS MADE AFTER THEY PURCHASED THEIR SHARES...................................................9

IV.    PLAINTIFFS FAIL TO STATE A CLAIM FOR CONTROL PERSON LIABILITY ....10

IV.    PLAINTIFFS SHOULD NOT BE GIVEN FURTHER LEAVE TO AMEND................10

CONCLUSION.........................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                                                    <u>Page</u>

*Acticon AG v. China North East Petroleum Holdings Ltd.*,
    615 F. App'x 44 (2d Cir. 2015) ......................................................................2

*In re Advanced Battery Technologies, Inc. Securities Litigation*,
    No. 11 Civ. 2279(CM), 2012 WL 3758085 (S.D.N.Y. Aug. 29, 2012) ..............................2

*In re AmTrust Financial Services, Inc. Securities Litigation*,
    No. 17-CV-1545 (LAK), 2019 WL 4257110 (S.D.N.Y. Sept. 9, 2019)..............................8

*In re Atlas Air Worldwide Holdings, Inc. Securities Litigation*,
    324 F. Supp. 2d 474 (S.D.N.Y. 2004)............................................................... 5-6

*In re Avon Securities Litigation*,
    No. 19 Civ. 01420 (CM), 2019 WL 6115349 (S.D.N.Y. Nov. 18, 2019) ..........................8

*In re Bausch & Lomb, Inc. Securities Litigation*,
    941 F. Supp. 1352 (W.D.N.Y. 1996)..................................................................6

*Chapman v. Mueller Water Products, Inc.*,
    466 F. Supp. 3d 382 (S.D.N.Y. 2020)...............................................................4, 9

*In re Craftmatic Securities Litigation*,
    890 F.2d 628 (3d Cir. 1989)......................................................................... 6-7

*In re Gilat Satellite Networks, Ltd.*,
    No. CV-02-1510 (CPS), 2005 WL 2277476 (E.D.N.Y. Sept. 19, 2005)............................3

*Green v. Deutsche Bank Aktiengesellschaft*,
    No. 18-CV-5104 (AJN), 2019 WL 4805804 (S.D.N.Y. Sept. 30, 2019) ..........................10

*In re Hertz Global Holdings, Inc. Securities Litigation*,
    No. 13-7050, 2017 WL 1536223 (D.N.J. Apr. 27, 2017),
    *aff'd*, 905 F.3d 106 (3d Cir. 2018) ...................................................................8

*Hunt v. Bloom Energy Corp.*,
    No. 19-cv-02935 (HSG), 2021 WL 4461171 (N.D. Cal. Sept. 29, 2021) ..........................8

*In re Iconix Brand Group, Inc.*,
    No. 15 Civ. 4860 (PGG), 2017 WL 4898228 (S.D.N.Y. Oct. 25, 2017)............................4

*In re Intelligroup Securities Litigation*,
    527 F. Supp. 2d 262 (D.N.J. 2007) ...................................................................6

*International Ass'n of Heat & Frost Insulators & Asbestos Workers*
*Local #6 Pension Fund v. International Business Machines Corp.*,
205 F. Supp. 3d 527 (S.D.N.Y. 2016)..................................................................6

*In re Livent, Inc. Securities Litigation*,
78 F. Supp. 2d 194 (S.D.N.Y. 1999)...................................................................5

*In re Molycorp, Inc. Securities Litigation*,
No. 13 Civ. 5697(PAC), 2015 WL 1097355 (S.D.N.Y. Mar. 12, 2015) .............6

*Novak v. Kasaks*,
216 F.3d 300 (2d Cir. 2000)...............................................................................3

*In re OCA, Inc. Securities & Derivative Litigation*,
No. 05-2165, 2006 WL 3747560 (E.D. La. Dec. 14, 2006) ................................6

*Oklahoma Firefighters Pension & Retirement System v. Lexmark International, Inc.*,
367 F. Supp. 3d 16 (S.D.N.Y. 2019)...................................................................8

*Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*,
575 U.S. 175 (2015)........................................................................................1, 8

*Ortiz v. Canopy Growth Corp.*,
537 F. Supp. 3d 621 (D.N.J. 2021) .....................................................................8

*In re PetroChina Co. Securities Litigation*,
120 F. Supp. 3d 340 (S.D.N.Y. 2015),
*aff'd sub nom. Klein v. PetroChina Co.*,
644 F. App'x 13 (2d Cir. 2016) .........................................................................10

*Plumber & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*,
11 F.4th 90 (2d Cir. 2021) .................................................................................9

*Plymouth County Retirement Ass'n v. Schroeder*,
576 F. Supp. 2d 360 (E.D.N.Y. 2008) ................................................................4

*Rothman v. Gregor*,
220 F.3d 81 (2d Cir. 2000)..................................................................................5

*In re Scholastic Corp. Securities Litigation*,
252 F.3d 63 (2d Cir. 2001)..................................................................................6

*In re Scottish Re Group Securities Litigation*,
524 F. Supp. 2d 370 (S.D.N.Y. 2007).................................................................5

*Securities & Exchange Commission v. Escala Group, Inc.*,
No. 09 Civ. 2646(DLC), 2009 WL 2365548 (S.D.N.Y. July 31, 2009)..............4

*Sinay v. CNOOC Ltd.*,
 554 F. App'x 40 (2d Cir. 2014) ........................................................................................3

*South Cherry Street, LLC v. Hennessee Group LLC*,
 573 F.3d 98 (2d Cir. 2009).................................................................................................2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
 551 U.S. 308 (2007)........................................................................................................1, 4

*Thomas v. Shiloh Industries, Inc.*,
 No. 1:15-CV-7449 (KMW), 2018 WL 4500867 (S.D.N.Y. Sept. 19, 2018).....................7

*In re Turquoise Hill Resources Ltd. Securities Litigation*,
 No. 13 Civ. 8846(LGS), 2014 WL 7176187 (S.D.N.Y. Dec. 16, 2014) ........................4, 5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
 672 F. Supp. 2d 596 (S.D.N.Y. 2009)................................................................................8

*In re Veeco Instruments, Inc. Securities Litigation*,
 235 F.R.D. 220 (S.D.N.Y. 2006) .......................................................................................3

*In re Veon Ltd. Securities Litigation*,
 No. 15-cv-08672 (ALC), 2021 WL 930478 (S.D.N.Y. Mar. 11, 2021) .............................9

*Waterford Township Police & Fire Retirement System v. Regional Management Corp.*,
 No. 14 CV 3876-LTS, 2016 WL 1261135 (S.D.N.Y. Mar. 30, 2016) ...........................5, 9

*Woodley v. Wood*,
 No. 20 Civ. 2357 (ER), 2022 WL 103563 (S.D.N.Y. Jan. 11, 2022),
 *appeal docketed sub nom. Woodley v. Gulfport Energy Corp.*, No. 22-502
 (2d Cir. Mar. 10, 2022) .....................................................................................................5

*Woolgar v. Kingstone Cos.*,
 477 F. Supp. 3d 193 (S.D.N.Y. 2020).................................................................................9

*Yaroni v. Pintec Technology Holdings Ltd.*,
 No. 20-CV-8062 (JMF), 2022 WL 1215450 (S.D.N.Y. Apr. 25, 2022) ............................5

**PRELIMINARY STATEMENT**

Plaintiffs' Opposition ("Opp.") only underscores their failure to provide specific factual allegations demonstrating that any Defendant knew at the time the challenged accounting judgments and statements were made that those statements were false or misleading. This lack of supporting factual allegations is fatal to Plaintiffs' ability to adequately allege scienter or the existence of actionable misstatements.

First, Plaintiffs have failed to allege any particularized facts giving rise to a strong inference of scienter. (*Infra* § I.) Plaintiffs attempt to rely on their allegations of related party transactions to establish motive and opportunity. But the restated related party transactions (i) were a net *benefit* for the company; (ii) are not alleged to have any connection to the other accounting metrics requiring restatement; and (iii) there are no allegations that Han or any other defendant benefited from the alleged transactions or had any motive to conceal them. Plaintiffs similarly fail to allege any facts showing that any Defendant acted with conscious misbehavior or recklessness, and Plaintiffs acknowledge that the Restatement alone cannot support scienter. (*See* Opp. at 17.) Ultimately, Plaintiffs do not allege any facts to establish the requisite inference of scienter that is "cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

Second, Plaintiffs fail to allege a material misrepresentation. Despite Plaintiffs' repeated contention that "[t]his case is not about complex accounting judgments" (Opp. at 1, 8), many of the accounting decisions that Plaintiffs now challenge constitute subjective matters of opinion that are non-actionable under *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175, 186 (2015).

Finally, Plaintiffs have no standing to bring a claim for alleged misstatements related to the Company's 2018 financial results since none of them purchased Tarena stock after the results were issued. Plaintiffs cannot assert claims—individually or on behalf of a class—based on those statements.

## ARGUMENT

## I.    PLAINTIFFS FAIL TO ALLEGE A STRONG INFERENCE OF SCIENTER

### A.    Plaintiffs Fail To Allege Motive and Opportunity To Commit Fraud

The Opposition confirms that Plaintiffs fail to allege that any Defendant had the motive and opportunity to commit securities fraud. Plaintiffs' argument that they allege "particularized facts of Han's motive and opportunity to commit fraud" (Opp. at 16) does not withstand scrutiny.

Plaintiffs attempt to rely on their allegations of related party transactions to establish motive, but they simply ignore that the restated related party transactions were a net *positive* to the Company's financial results overall. (*See* Br. at 12-13.) There was no incentive for the Defendants to conceal them. And while Plaintiffs attempt to argue that these payments were made "to Defendant Han personally," the Complaint alleges no such thing. (Opp. at 16 (citing AC pp. 18-19, 24-25 ¶¶ 59, 75-77).) There are no facts alleged establishing motive and opportunity for Han or any Defendant with respect to the related party transactions.[1]

Moreover, there is no connection alleged between the related party transactions and any of the other financial metrics that were ultimately restated. (*See* Br. at 12.) Plaintiffs do not

---

[1]    Plaintiffs' continued reliance on *In re Advanced Battery Technologies, Inc. Securities Litigation*, No. 11 Civ. 2279 (CM), 2012 WL 3758085 (S.D.N.Y. Aug. 29, 2012), and *Acticon AG v. China North East Petroleum Holdings Ltd.*, 615 F. App'x 44 (2d Cir. 2015), remains misplaced. (Opp. at 16-17.) Both cases are inapposite because there, unlike here, plaintiffs alleged the defendant benefited not only from the related party transactions themselves, but also from the concealment of those transactions. (Br. at 13 n.4.) *See Advanced Battery*, 2012 WL 3758085, at *9-11; *Acticon AG*, 615 F. App'x at 45. Plaintiffs ignore this key distinction, simply reiterating their conclusory allegation that Han benefitted from the transactions themselves. (Opp. at 17 n.8.) *See S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 108 (2d Cir. 2009) ("Motive . . . [can] be shown by pointing to 'the concrete benefits that could be realized' from one or more of the allegedly misleading statements or nondisclosures . . . ." (emphasis added) (citation omitted)).

even attempt to argue that any Defendant possessed the motive and opportunity to misstate those metrics. Accordingly, Plaintiffs have failed to allege motive or opportunity to commit fraud.

**B.      Plaintiffs Fail To Allege Conscious Misbehavior or Recklessness**

The Opposition offers five purported bases for inferring conscious misbehavior or recklessness. (Opp. at 18-22.) All fail, both individually and collectively.

First, Plaintiffs point to the Company's candid disclosure that some of the misconduct underlying certain components of the Restatement was intentional. (Opp. at 18.) But again, Plaintiffs fail to connect that intentional misconduct to the Company's CEO or CFO—the only named individual defendants—or to anyone whose intent can be imputed to the Company. Plaintiffs cannot meet their heightened pleading burden with sheer speculation that the Company's CEO and CFO must have known about the misconduct because whoever committed it did so intentionally. *See, e.g.*, *Sinay v. CNOOC Ltd.*, 554 F. App'x 40, 42 (2d Cir. 2014) ("The District Court correctly concluded that [plaintiffs] *had not* sufficiently pleaded scienter based on what [defendant] 'must have known.'").[2]

Second, Plaintiffs regurgitate their motive argument that the related party transactions involving Han and his family give rise to an "inescapable" inference of scienter. (Opp. at 18-19.) That is not the case, as demonstrated above. (*See supra* § I.A.) Moreover, Plaintiffs acknowledge that Han and the Company did disclose certain related party transactions (Opp. at 19), which undermines any inference of scienter that is "cogent and at least as compelling as any

---

[2]     Plaintiffs cite only cases where defendants had knowledge of alleged misconduct. *See Novak v. Kasaks*, 216 F.3d 300, 311-12 (2d Cir. 2000) (company leaders were warned multiple times by executives about the company's incorrect inventory reporting practices); *In re Veeco Instruments, Inc. Sec. Litig.*, 235 F.R.D. 220, 231-32 (S.D.N.Y. 2006) (multiple confidential witnesses with intimate and extensive experience with company leaders' actual knowledge of accounting improprieties bolstered allegations); *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 (CPS), 2005 WL 2277476, at *21 (E.D.N.Y. Sept. 19, 2005) (confidential witness allegedly personally informed CFO of GAAP violations).

*(cont'd)*

3

opposing inference of nonfraudulent intent." *Tellabs*, 551 U.S. at 314.  Plaintiffs allege no facts indicating that any error in the disclosure of the related party transactions was intentional.  Nor do Plaintiffs offer any explanation—much less a cogent and compelling one—for how Han would have benefitted from only <u>partially</u> disclosing these transactions.[3]

<u>Third</u>, Plaintiffs insist Defendants must have been reckless because "the Restatement nearly corrected every line item of the Tarena's financial statements." (Opp. at 19.)  But a restatement by itself is insufficient to show scienter, *see In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 13 Civ. 8846 (LGS), 2014 WL 7176187, at *7 (S.D.N.Y. Dec. 16, 2014); *Chapman v. Mueller Water Prods., Inc.*, 466 F. Supp. 3d 382, 414 (S.D.N.Y. 2020), and the mere fact that errors relating to revenue impacted other financial metrics says nothing about whether Tarena's CEO and CFO were reckless in not discovering the errors sooner.  *See, e.g.*, *In re Iconix Brand Grp., Inc.*, No. 15 Civ. 4860 (PGG), 2017 WL 4898228, at *17 (S.D.N.Y. Oct. 25, 2017) ("'[I]t is clear that the size of the [alleged] fraud alone does not create an inference of scienter,' and the magnitude of the restatement resulting from the accounting errors 'must be presented in tandem with other circumstantial evidence to suggest scienter.'" (second alteration in original) (citations omitted)).  This is simply a function of the interrelatedness of financial statement line items.  Indeed, it is hard to imagine any error that would affect only a single line item on a company's financial statements.[4]

---

[3]   Plaintiffs' cases again are inapposite because they involved allegations that defendants actually benefited from concealing related party transactions.  (Opp. at 19.)  *See Plymouth Cnty. Ret. Ass'n v. Schroeder*, 576 F. Supp. 2d 360, 381 (E.D.N.Y. 2008) (defendants personally benefited from an alleged cover-up and fraud of backdating stock options); *SEC v. Escala Grp., Inc.*, No. 09 Civ. 2646 (DLC), 2009 WL 2365548, at *1 (S.D.N.Y. July 31, 2009) (defendants benefited by secretly controlling a related party's book of postage stamp values in order to defraud purchasers).

[4]   Plaintiffs' cases regarding GAAP violations and the size of the restatement are not to the contrary.  *See In re Scottish Re Grp. Sec. Litig.*, 524 F. Supp. 2d 370, 394 n.174 (S.D.N.Y. 2007) ("[A] GAAP violation itself is insufficient to establish scienter . . . ."); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (defendants wrote off 84% of advances in one quarter, and therefore must have appreciated its products' poor performance); *In re*
(cont'd)

4

Fourth, Plaintiffs claim "a failure to maintain sufficient internal controls to avoid fraud is sufficiently indicative of scienter." (Opp. at 20.)  In fact, the opposite is true: a weakness in internal controls alone is not indicative of scienter, as legions of cases have held.  *See, e.g.*, *Woodley v. Wood*, No. 20 Civ. 2357 (ER), 2022 WL 103563, at *8 (S.D.N.Y. Jan. 11, 2022) ("[B]ad accounting cannot establish scienter on its own."), *appeal docketed sub nom. Woodley v. Gulfport Energy Corp.*, No. 22-502 (2d Cir. Mar. 10, 2022); *Waterford Twp. Police & Fire Ret. Sys. v. Reg'l Mgmt. Corp.*, No. 14 CV 3876-LTS, 2016 WL 1261135, at *11 (S.D.N.Y. Mar. 30, 2016) (plaintiffs' "allegation regarding misstatements relating to the sufficiency of internal controls fails because there are no facts pleaded to support an inference that the Company knew, at time of the earlier disclosures . . . , that its internal controls were insufficient"); *Turquoise Hill*, 2014 WL 7176187, at *8 ("The accounting controls were an after-the-fact explanation for why the error had occurred, not a red flag before it was discovered.").  Moreover, the Company expressly warned investors that it had internal control weaknesses, which further undermines any inference of scienter.  (*See* Br. at 7, 18.)  *See Yaroni v. Pintec Tech. Holdings Ltd.*, No. 20-CV-8062 (JMF), 2022 WL 1215450, at *8 (S.D.N.Y. Apr. 25, 2022) (claims related to defendant's internal controls "fail as a matter of law because [the defendant] disclosed the risk at issue").  Plaintiffs do not allege any facts showing Defendants knew of or recklessly disregarded any undisclosed internal control weaknesses.[5]

---

*Livent, Inc. Sec. Litig.*, 78 F. Supp. 2d 194, 215 (S.D.N.Y. 1999) (individual defendants personally "orchestrated" the alleged fraud and GAAP violations alone would not be enough to state a securities fraud claim).  Other cases Plaintiffs cite (in a footnote) are all outside of this Circuit and clarify that the magnitude of a restatement or GAAP violations alone are insufficient to support an inference of scienter.  (Opp. at 20 n.10.)

[5]  On this point, Plaintiffs all but abandon their purported confidential witness.  (*See* Opp. at 21 n.12.)  Plaintiffs fail to plead any basis to infer that this alleged "project manager" responsible for "training and marketing" has any personal knowledge of the alleged revenue inflation and other misconduct, let alone that Defendants knew of or recklessly disregarded that conduct.  In Plaintiffs' one case to support its CW's "independent factual allegations," those CW's claims were bolstered by other allegations, including numerous other CWs with clear
*(cont'd)*

Fifth, Plaintiffs cite the CEO and CFO's SOX certifications (Opp. at 21), but Plaintiffs fail to allege any facts showing Defendants believed those certifications to be inaccurate when made. (Br. at 17-18.) Inaccurate SOX certifications alone are insufficient to plead scienter. *Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers Loc. #6 Pension Fund v. Int'l Bus. Machs. Corp.*, 205 F. Supp. 3d 527, 536 (S.D.N.Y. 2016) ("[A]llowing [SOX] certifications to create an inference of scienter in every case where there was an accounting error or auditing mistake made by a publicly traded company would eviscerate the pleading requirements for scienter set forth in the PSLRA." (citation omitted)); *In re Molycorp, Inc. Sec. Litig.*, No. 13 Civ. 5697 (PAC), 2015 WL 1097355, at *12 (S.D.N.Y. Mar. 12, 2015) (SOX certifications did not support scienter without "allegations[] directly tying defendants to knowledge of the falsity of financial statements").[6]

Sixth, Plaintiffs' final argument about whether the Individual Defendants' state of mind can be imputed to the Company is beside the point. (Opp. at 22.) The issue is not whether Han and Yang's state of mind can be imputed to the Company, but whether the state of mind being imputed was fraudulent or reckless. Plaintiffs have failed to allege any particularized facts showing that it was.[7]

---

insider knowledge. *See In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474, 493 n.10 (S.D.N.Y. 2004).

[6] Plaintiffs' cases are inapposite. *See In re OCA, Inc. Sec. & Derivative Litig.*, No. 05-2165, 2006 WL 3747560, at *20 (E.D. La. Dec. 14, 2006) (specific witness had knowledge of lack of internal controls and erroneous accounting practices); *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 358 (D.N.J. 2007) (court "allocate[d] de minimis weight" to defendants' SOX certifications, which could not establish a strong inference of scienter unless defendants knew or consciously avoided information that made the SOX certifications inaccurate).

[7] Plaintiffs' cases (Opp. at 22 n.13) only highlight the kind of well-pleaded allegations that are absent here. *See In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 72 (2d Cir. 2001) (plaintiffs offered weekly sales data to show book returns clearly were on the rise in spite of defendants' statements to the contrary); *In re Bausch & Lomb, Inc. Sec. Litig.*, 941 F. Supp. 1352, 1361-62 (W.D.N.Y. 1996) (plaintiffs offered evidence that defendants received accurate sales reports to show scienter); *In re Craftmatic Sec. Litig.*, 890 F.2d 628, 646 (3d Cir. 1989) (applying the Third Circuit's "relaxed" pleading standard prior to the PSLRA and still requiring that plaintiffs

*(cont'd)*

**C.      The Alleged Facts Support A Far More Compelling Inference of Non-Fraudulent Intent**

Ultimately, Plaintiffs' theory of fraud simply makes no sense. (Br. 19-21.) Plaintiffs offer no cogent and compelling explanation for why Defendants would disclose related party transactions but allegedly misrepresent the amount of those transactions. Nor can Plaintiffs explain why Defendants would disclose internal control weaknesses but not underlying financial misstatements—only to promptly disclose them later and commission an independent investigation by a prominent international law firm, all in full view of the market and the public, with no contemporaneous stock sales by insiders or other apparent economic motives. The far more compelling inference is that Defendants believed that the Company's reports were accurate when issued and promptly investigated and corrected the misstatements as soon as they learned of them. (Br. at 19-20.) The Opposition's response that this nonculpable inference is contradicted by "Defendants' admission" of "intentional accounting fabrication" (Opp. at 22) is circular and mischaracterizes Defendants' disclosures. The Company has never suggested, much less admitted, that Han or Yang engaged in any intentional accounting fabrication. Nor have Han and Yang made any such admission. The Company's candid disclosure that *someone* engaged in this conduct says nothing about whether Han and Yang were involved in, knew of or recklessly disregarded that conduct. Plaintiffs cannot state a claim simply by mischaracterizing Defendants' disclosures. *See, e.g.*, *Thomas v. Shiloh Indus., Inc.*, No. 1:15-CV-7449 (KMW), 2018 WL 4500867, at *6 (S.D.N.Y. Sept. 19, 2018) (dismissing securities claims based on restatement caused by employee's wrongdoing because his superiors were "at worst" negligent in not detecting the fraud).

---

explicitly "accompany their allegations with facts indicating why the charges against defendants are not baseless and why additional information lies exclusively within defendants' control").

7

## II.    PLAINTIFFS HAVE NOT ALLEGED THAT CERTAIN ACCOUNTING JUDGMENTS WERE ACTIONABLE

Plaintiffs' attempt to allege an actionable misstatement fares no better.  First, the

Company's restated financials involved complex and subjective accounting judgments, which

are protected statements of opinion under *Omnicare*.  (*See* Br. at 21-23.)  In response, Plaintiffs

contend that "Tarena fails to explain which specific line item(s) at issue here required subjective

judgment," yet they identify those line items—revenue and expenses—in the immediately

preceding sentence.  (Opp. at 7-8.)  Further, Plaintiffs assert that their "allegations of misstated

asset valuations attributable to 'improper accounting practices' raise issues of objective fact that

are not protected as opinion statements."  (Opp. at 9.)  But they provide no explanation or

support for that conclusion.[8]

Plaintiffs next argue that, even if the financials are considered subjective accounting

judgments, they "meet the first prong in the *Omnicare* tests for falsity" because they claim to

"allege that Defendants intentionally inflated revenue and improperly recorded charges, intended

to deceive investors, and did not honestly hold any opinions professed."  (Opp. at 10.)  However,

as shown above, Plaintiffs have not alleged any actual *facts* showing that either Individual

---

[8]    Contrary to Plaintiffs' arguments, courts are not in agreement that certain financial metrics are statements of objective fact.  *See, e.g.*, *In re AmTrust Fin. Servs., Inc. Sec. Litig.*, No. 17-CV-1545 (LAK), 2019 WL 4257110, at *15 (S.D.N.Y. Sept. 9, 2019) (plaintiffs must adequately allege that "data could have resulted properly only from objective determinations" to show that revenue recognition data constituted a misstatement of fact, not opinion); *Hunt v. Bloom Energy Corp.*, No. 19-cv-02935 (HSG), 2021 WL 4461171, at *5 (N.D. Cal. Sept. 29, 2021) ("Because both ASC 450 and ASC 605 require the exercise of judgment, the Court finds that [defendant]'s statements about its contingent liabilities are opinion statements, and the *Omnicare* framework applies."); *In re Hertz Glob. Holdings, Inc. Sec. Litig.*, No. 13-7050, 2017 WL 1536223, at *11 (D.N.J. Apr. 27, 2017) (ASC 450-20 is "not the kind of fixed rule[] that would qualify as [an] objective standard[]" under *Omnicare*), *aff'd*, 905 F.3d 106 (3d Cir. 2018); *Ortiz v. Canopy Growth Corp.*, 537 F. Supp. 3d 621, 669, 670 (D.N.J. 2021) (defendant's "valuation of . . . revenue in its financial statements constitutes a statement of opinion"; "revenue recognition require[s] an entity to exercise a significant amount of judgment"); *In re Avon Sec. Litig.*, No. 19 Civ. 01420 (CM), 2019 WL 6115349, at *16-17 (S.D.N.Y. Nov. 18, 2019) (accounting estimates like allowances for doubtful accounts are statements of opinion); *Okla. Firefighters Pension & Ret. Sys. v. Lexmark Int'l, Inc.*, 367 F. Supp. 3d 16, 32 (S.D.N.Y. 2019) (defendants' statements regarding the <u>reasons</u> for a revenue increase were statements of historical fact); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 672 F. Supp. 2d 596, 606 (S.D.N.Y. 2009) (general administrative expenses, net loss, and losses per share were statements of fact).

8

Defendant—or anyone whose actions can be imputed to the Company—engaged in any intentional misconduct. (*See supra* § I.)

Similarly, while Plaintiffs harp on alleged control weaknesses and materialization of risks, Plaintiffs fail to allege any facts showing that such weaknesses or risks were known when the challenged disclosures were made. *See Woolgar v. Kingstone Cos.,* 477 F. Supp. 3d 193, 230 (S.D.N.Y. 2020); *Waterford Twp.*, 2016 WL 1261135, at *11; *Chapman*, 466 F. Supp. 3d at 405-06. Plaintiffs' arguments are pure fraud-by-hindsight.

## III. PLAINTIFFS CANNOT ASSERT CLAIMS FOR ALLEGED MISSTATEMENTS MADE AFTER THEY PURCHASED THEIR SHARES

It is axiomatic that a representative plaintiff must have standing individually in order to assert claims on behalf of a class. *See, e.g.*, *In re Veon Ltd. Sec. Litig.*, No. 15-cv-08672 (ALC), 2021 WL 930478, at *6 (S.D.N.Y. Mar. 11, 2021). While a single plaintiff need not have standing to assert every claim in a class action, there must be at least one plaintiff with standing for each class claim alleged. *Id.* Plaintiffs fail that test here. None of them purchased any Tarena stock after the Company's 2018 annual report was issued, and thus none can assert a claim—individually or on behalf of a class—based on any purported misstatement in that report. (Br. at 23-24.) Contrary to Plaintiffs' suggestion, (Opp. at 24), this is not merely a class certification issue. Courts regularly reject putative class claims for which no named plaintiff has standing. *See, e.g.*, *Plumber & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 104-06 (2d Cir. 2021) (affirming grant of motion to dismiss where plaintiffs alleged purchasing securities at inflated price "premised exclusively on statements made *after* the [plaintiffs'] final purchase of securities"); *Veon*, 2021 WL 930478, at *7 (granting motion to dismiss where lead plaintiff lacked standing). Plaintiffs cannot evade dismissal based on a purported continuous course of conduct. Plaintiffs do not allege any facts establishing a

9

continuing course of conduct or any connection across the alleged misstatements of different metrics from different years in different amounts.  (Opp. at 23-24.)

## IV.  PLAINTIFFS FAIL TO STATE A CLAIM FOR CONTROL PERSON LIABILITY

Plaintiffs offer no argument for control person liability other than a single conclusory assertion that the necessary elements have been alleged, and they concede that a primary violation is an element of control person liability.  (Opp. at 25.)  Because Plaintiffs have not alleged a primary violation, their control person claims should be dismissed.  (Br. at 24.)[9]

## IV.  PLAINTIFFS SHOULD NOT BE GIVEN FURTHER LEAVE TO AMEND

Plaintiffs' request for further leave to amend should be denied.  (Opp. at 25 n.17.) Plaintiffs had notice of the defects in their Amended Complaint when Tarena filed its pre-motion letter.  Having elected not to seek leave to amend then, they should not be permitted to do so now.  In any event, Plaintiffs offer no indication of what they would add in a second amended complaint.  Plaintiffs have already had two bites at the apple and should not be given a third.

### CONCLUSION

As demonstrated here and in the Opening Brief, the Amended Complaint should be dismissed in its entirety with prejudice.

---

[9]   Plaintiffs argue in a footnote, without citing any authority, that the Individual Defendants should be forced to accept service through Tarena's undersigned counsel. (Opp. at 25 n.16.)  There is no basis for such an action, which would raise serious jurisdictional and due process concerns, among others.  Courts routinely dismiss control person claims where the claims for a primary violation fail, including where the control person defendants have not been served.  *See, e.g.*, *In re PetroChina Co. Sec. Litig.*, 120 F. Supp. 3d 340, 368-69 (S.D.N.Y. 2015), *aff'd sub nom. Klein v. PetroChina Co.*, 644 F. App'x 13 (2d Cir. 2016); *Green v. Deutsche Bank Aktiengesellschaft*, No. 18-CV-5104 (AJN), 2019 WL 4805804, at *3 (S.D.N.Y. Sept. 30, 2019). Plaintiffs cannot evade their obligation to serve the Individual Defendants through the proper means pursuant to the Hague Convention.  (*See* Opp. at 1 n.1.)

Dated:  New York, New York
        May 19, 2022

Respectfully submitted,

/s/ Robert A. Fumerton
Scott D. Musoff, *he/him/his*
(scott.musoff@skadden.com)
Robert A. Fumerton, *he/him/his*
(robert.fumerton@skadden.com)
Michael C. Griffin, *he/him/his*
(michael.griffin@skadden.com)
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
Phone:   (212) 735-3000
Fax:     (212) 735-2000

*Attorneys for Defendant Tarena*
*International, Inc.*