# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re Tenaris S.A. Securities Litigation* | Case No. 1:18-cv-07059-KAM-SJB<br><br>Honorable Kiyo A. Matsumoto |

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *In re Tenaris Securities Litigation*, Case No. 1:18-cv-07059 (the "Action");

WHEREAS, (a) Lead Plaintiffs Jeffrey Lynn Sanders and Starr Sanders, on behalf of themselves and the Settlement Class (defined below), and (b) defendant Tenaris S.A. ("Tenaris") and defendant Paolo Rocca ("Individual Defendant" and, together with Tenaris, "Defendants"; and together with Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated March 3, 2023 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall

have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.        **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired Tenaris American Depositary Shares ("ADS") between May 1, 2014 and December 5, 2018, inclusive (the "Settlement Class Period") and suffered economic losses as a proximate result of the alleged wrongdoing.  Excluded from the Settlement Class are (a) persons who suffered no compensable losses; and (b) (i) Defendants and Former Defendants; (ii) the legal representatives, heirs, successors, assigns, and Immediate Family members of the Individual Defendant and Edgardo Carlos; (iii) the parents, subsidiaries, assigns, successors, predecessors and affiliates of Tenaris, San Faustin S.A., and/or Techint Holdings S.á.r.l.; (iv) any person who served as an Officer and/or director of Tenaris, San Faustin S.A., and/or Techint Holdings S.á.r.l. during the Settlement Class Period; (v) any entity in which any of the foregoing (i)-(iv) excluded persons have or had a majority ownership interest during the Settlement Class Period; (c) any trust of which Individual Defendant or Edgardo Carlos is the grantor or settlor or which is for the benefit of Individual Defendant, or Edgardo Carlos and/or member(s) of their Immediate Family; and (d) Defendants' liability insurance carriers.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.  For the avoidance of doubt, Tenaris ordinary shares are not eligible Settlement Class securities, and purchases or other acquisitions of those securities do not establish membership in the Settlement Class.

2.        **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the

2

Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Jeffrey Lynn Sanders and Starr Sanders are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on **October 19, 2023 at 10:00 a.m.** in Courtroom 6B South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the

3

Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) within fifteen (15) business days of the date of entry of this Order, Tenaris shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security holder lists (consisting of names and addresses) for the Tenaris ADS during the Settlement Class Period, to the extent that such information is readily available at a reasonable cost to Tenaris or its transfer agent;

(b) not later than twenty-five (25) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice,

4

substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Tenaris or in the records which Tenaris caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's

5

motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

9. **<u>Nominee Procedures</u>** – Brokers and other nominees who purchased or otherwise acquired Tenaris ADS during the Settlement Class Period for the benefit of another person or entity shall, within seven (7) calendar days of receipt of the Postcard Notice or the Claims Administrator's notice of the Settlement, either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice and Claim Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.05 per name and address provided to the Claims Administrator; up to $0.10 per

6

Postcard Notice actually mailed, plus postage at the rate used by Claims Administrator; or up to $0.05 per link to the Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **<u>Participation in the Settlement</u>** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her

7

or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any of the Released Plaintiffs' Claims against each and all of the Defendants or the other Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *In re Tenaris Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and

8

telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Tenaris Securities Litigation*, Case No. 1:18-cv-07059"; (iii) state the number of Tenaris ADS that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any of the Released Plaintiffs' Claims against any of the Defendants or the other Defendants' Releasee, as more fully described in the Stipulation and Notice.

16. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

10

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP | Sullivan & Cromwell LLP |
| Kara M. Wolke, Esq. | Brendan P. Cullen, Esq. |
| 1925 Century Park East, Suite 2100 | 1870 Embarcadero Road |
| Los Angeles, CA 90067 | Palo Alto, CA 94303 |
| | |
| | Dechert LLP |
| | Mauricio España, Esq. |
| | Three Bryant Park |
| | 1095 Avenue of the Americas |
| | New York, NY 10036 |

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of Tenaris ADS that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement,

11

the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any and all of the Released Plaintiffs' Claims against each and all of the Defendants and the other Defendants' Releasees.

21. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court

12

in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of November 10, 2022, as provided in the Stipulation.

25. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall or may be offered or received against any of the Defendants or the other Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the other Defendants' Releasees with respect to the truth of any allegation by Lead Plaintiffs or any Settlement Class Member, or the validity, or lack thereof, of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or the other Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the other Defendants' Releasees, in any civil, criminal or administrative action

13

or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall or may be offered or received against Lead Plaintiffs or any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any Lead Plaintiff or Plaintiffs' Releasee that any of their claims are without merit, that any Defendants or other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any Lead Plaintiff or Plaintiffs' Releasee, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall or may be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial in the Action or any proceeding; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 10th day of April, 2023.

_____
The Honorable Kiyo A. Matsumoto
United States District Judge

**Exhibit A-1**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re Tenaris S.A. Securities Litigation* | Case No. 1:18-cv-07059-KAM-SJB |
|  | Honorable Kiyo A. Matsumoto |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Eastern District of New York (the "Court"), if, during the period between May 1, 2014 and December 5, 2018, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Tenaris S.A. ("Tenaris") American Depositary Shares ("ADS") and suffered economic losses as a proximate result of the alleged wrongdoing.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, Jeffrey Lynn Sanders and Starr Sanders ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 29 below), have reached a proposed settlement of the Action for $9,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Tenaris, any other Defendant in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 89 below).**

1.  **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Tenaris and Paolo Rocca ("Rocca," together with Tenaris, "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Tenaris.

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 3, 2023 (the "Stipulation"), which is available at www.TenarisSecuritiesSettlement.com.

[2]  Defendant Rocca is referred to herein as the "Individual Defendant."

A more detailed description of the Action is set forth in paragraphs 11-28 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 29 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $9,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimates of the number of Tenaris ADS purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.14. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Tenaris ADS, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with, and expressly dispute, the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, have been prosecuting the Action on a wholly contingent basis since its inception in 2018, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $145,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share, if the Court approves Lead Counsel's fee and expense application, is $0.05 per eligible share.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class

2

are represented by Kara M. Wolke, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR ONLINE NO LATER THAN _____, 2023.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 38 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 39 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2023.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any Defendant or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2023.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2023 AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2023.** | Filing a written objection and notice of intention to appear by _____, 2023 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |

3

| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Do I Know If I Am Affected By The Settlement? Who Is Included
        In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Are Lead Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Are Settlement Class Members Affected By The Action And
        The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Do I Participate In The Settlement? What Do I Need To Do? . . . . . . . . . . . . . . . . . Page [ ]

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What Payment Are The Attorneys For The Settlement Class Seeking?
        How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What If I Do Not Want To Be A Member Of The Settlement Class?
        How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

When And Where Will The Court Decide Whether To Approve The Settlement?
        Do I Have To Come To The Hearing? May I Speak At The Hearing If I
        Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

What If I Bought Tenaris ADS On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

Can I See The Court File? Whom Should I Contact If I Have Questions? . . . . . . . . . . . . Page [ ]

## WHY DID I GET THE POSTCARD NOTICE?

8.     The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Tenaris ADS during the Settlement Class Period. The Court also directed that this Notice be posted online at www.TenarisSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator. The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

4

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 80 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court must still decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

---

### WHAT IS THIS CASE ABOUT?

---

11.     Two class action complaints were filed in the Court, which by Order dated April 29, 2019, were consolidated and recaptioned as *In re Tenaris S.A. Securities Litigation*, 1:18-cv-07059-RJD-SJB and Lead Plaintiffs and Lead Counsel were appointed by the Court.

12.     On July 19, 2019, Lead Plaintiffs filed and served their Consolidated Class Action Complaint (the "Complaint") asserting claims against Tenaris, Rocca, and Edgardo Carlos ("Company Defendants"), as well as San Faustin S.A., Techint Holdings S.á r.l. ("Parent Defendants"), under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Parent Defendants, Rocca, and Edgardo Carlos under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged Company Defendants made materially false and misleading statements, or omitted material facts, regarding corruption and bribery, in the Company's code of conduct, code of ethics and risk disclosures.  The Complaint also alleged that Parent Defendants were alter egos of Company Defendants and were liable for the same materially false and misleading statements.  The Complaint further alleged the prices of Tenaris ADS were artificially inflated as a result of Company Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

13.     On November 8, 2019, Company Defendants and Parent Defendants each served a motion to dismiss the Complaint.  On January 10, 2020, Lead Plaintiffs served their papers in opposition and, on February 14, 2020, Company Defendants and Parent Defendants each filed and served their reply papers.  On February 14, 2020, all of the briefing on the motion was filed in the Court.

14.     On September 22, 2020, Company Defendants filed a notice of supplemental authority in support of their motion to dismiss.  On September 25, 2020, Parent Defendants also filed a similar notice of supplemental authority and joined Company Defendants' arguments asserted in their September 22, 2020 notice.  On September 30, 2020, Lead Plaintiffs filed their response to the notices of supplemental authority.  On October 2, 2020, Company Defendants filed their reply in opposition to Lead Plaintiffs' response.

15.     On October 2, 2020, Company Defendants filed a second notice of supplemental authority in support of their motion to dismiss.  On October 6, 2020, Lead Plaintiffs filed their response to

5

Company Defendants' second notice of supplemental authority.

16. On October 9, 2020, the Court entered its Memorandum and Order that granted in part, and denied in part, Company Defendants and Parent Defendants' motions to dismiss. Based on the Court's Order, the claims against Parent Defendants and Edgardo Carlos were dismissed. The Court's Order also dismissed the Complaint's allegations relating to Tenaris's code of ethics.

17. On November 6, 2020, Defendants served their motion for partial reconsideration of the order denying in part the motion to dismiss or, alternatively, for certification pursuant to 28 U.S.C. § 1292(B). Lead Plaintiffs served their opposition to Defendants' motion on December 8, 2020. On December 22, 2020, all of the briefing on the motion was filed in the Court.

18. On December 1, 2020, Defendants filed and served an answer to the Complaint.

19. On July 1, 2021, the Court entered its Memorandum and Order denying Defendants' motion for partial reconsideration or, alternatively, for certification pursuant to 28 U.S.C. § 1292(B).

20. On August 18, 2021, the Parties submitted a joint report under Rule 26(f) of the Federal Rules of Civil Procedure. On August 20, 2021, the Parties attended a telephonic initial conference to discuss issues raised in the Parties' joint report.

21. From August 2021 through November 2022, counsel for Lead Plaintiffs and Defendants completed extensive fact discovery. In total, Lead Plaintiffs propounded two sets of requests for production of documents, two sets of written interrogatories, and one set of written requests for admission upon Defendants. Lead Plaintiffs also served three third-party subpoenas for production of documents on relevant third parties, including Ternium S.A., San Faustin S.A., and Techint Holdings S.á r.l. Lead Plaintiffs also submitted three Freedom of Information Act ("FOIA") requests to the U.S. Securities Exchange Commission ("SEC") and two FOIA requests to the U.S. Department of Justice. Over the course of the approximately 15-month discovery period, Lead Counsel reviewed and analyzed approximately 116,046 pages of documents produced by Defendants and third parties. At the time the settlement was reached, Lead Plaintiffs and Defendants were nearing completion of document discovery and preparing for fact depositions.[3]

22. On February 23, 2022, Lead Plaintiffs filed a letter motion to compel Defendants to produce certain categories of documents. On February 28, 2022, Defendant Tenaris filed its response in opposition to Lead Plaintiffs' letter motion, which Defendant Rocca joined. On March 28, 2022, the Court entered its Order denying Lead Plaintiffs' letter motion to compel.

23. Beginning in August 2022, while fact discovery was ongoing, the Parties began exploring the possibility of resolving this Action. The Parties' first attempt ended unsuccessfully and fact discovery continued.

24. On October 24, 2022, Lead Plaintiffs filed two letter motions to compel Defendant Tenaris to produce a certain key individual for a deposition and to compel Defendant Tenaris and Defendant Rocca to produce categories of documents from San Faustin S.A. and Techint Holdings S.á.r.l. At the time the settlement was reached, briefing on the two letter motions to compel was pending before the Court.

25. Beginning on November 2, 2022, the Parties began again exploring the possibility of

---

[3] On November 8, 2022, this litigation was reassigned to the Honorable Kiyo A. Matsumoto.

resolving this Action through a possible settlement.  The settlement discussions were conducted through arm's-length negotiations, including numerous video conferences, telephone calls, and emails exchanged amongst the Parties.  After over a week of negotiations, these discussions culminated in the Parties reaching an agreement in principle to settle the Action that the Parties memorialized in a term sheet executed on November 10, 2022 (the "Term Sheet").  The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment of $9,500,000 to be paid by Tenaris on behalf of all Defendants for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers

26.   Based on the investigation and mediation of the case and Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

27.   Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each Defendant denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of Defendant, or any other Defendants' Releasee (defined in ¶ 39 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.

28.   On _____, 2023, the Court, among other things: (a) preliminarily approved the Settlement; (b) authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request; and (c) scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

29.   If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired Tenaris ADS between May 1, 2014 and December 5, 2018, inclusive, and who suffered economic losses as a proximate result of the alleged wrongdoing.

Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) (i) Defendants and Former Defendants; (ii) the legal representatives, heirs, successors, assigns, and Immediate Family members of the Individual Defendant and Edgardo Carlos; (iii) the parents, subsidiaries, assigns, successors, predecessors and affiliates of Tenaris, San Faustin S.A., and/or

7

Techint Holdings S.á.r.l.; (iv) any person who served as an Officer and/or director of Tenaris, San Faustin S.A., and/or Techint Holdings S.á.r.l. during the Settlement Class Period; (v) any entity in which any of the foregoing (i)-(iv) excluded persons have or had a majority ownership interest during the Settlement Class Period; (c) any trust of which the Individual Defendant or Edgardo Carlos is the grantor or settlor or which is for the benefit of the Individual Defendant or Edgardo Carlos and/or member(s) of their Immediate Family; and (d) Defendants' liability insurance carriers. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by timely submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [__] below. For the avoidance of doubt, Tenaris ordinary shares are not eligible Settlement Class securities, and purchases or other acquisitions of those securities do not establish membership in the Settlement Class.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.TenarisSecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked or submitted online no later than _____, 2023.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

30. Lead Plaintiffs and Lead Counsel believe the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, Defendants asserted and would continue to assert that the statements at issue in the case were not materially false and misleading, and that even if they were, they were not made with the requisite state of mind to support the securities fraud claim alleged. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested and would require expert testimony. Lead Plaintiffs would also have to prevail at several stages – class certification, motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow – in order to recover any money for the Settlement Class. Thus, there were very significant risks attendant to the continued prosecution of the Action.

31. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe the Settlement provides a substantial benefit to the Settlement Class, namely $9,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

32.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

33.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

34.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

35.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page __ below.

36.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

37.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶ 38 below) on behalf of the respective Settlement Class Member in such capacity only, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees (as defined in ¶ 39 below), and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants or the other Defendants'

Releasees.

38.  "Released Plaintiffs' Claims" means any and all claims, debts, demands, rights, and causes of action of every nature and description (including, but not limited to, any claims for damages, interest, attorney's fees, expert, or consulting fees, and any other costs, expenses, or liability whatsoever), whether known claims or Unknown Claims, whether accrued or un-accrued, whether arising under federal, state, local, statutory, common, or foreign law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint or any prior complaint; or (ii) could have asserted in any forum that concern, arise out of, relate to, involve, or are based upon the allegations, circumstances, events, transactions, facts, matters, disclosures, statements, representations, omissions, or conduct involved, set forth, or referred to in the Complaint and that relate to the purchase, acquisition, or ownership of Tenaris ADSs during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

39.  "Defendants' Releasees" means Defendants and Former Defendants together with each of their respective past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, and entities in which a Defendant has a controlling or co-controlling interest, and each of their past, present, or future officers, directors, agents, employees, partners, principals, members, attorneys, shareholders, investment advisors, auditors, accountants, insurers, and Immediate Family, and the legal representatives, heirs, successors in interest, or assigns of any of the foregoing, all in their capacities as such.

40.  "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff, any other Settlement Class Member, or any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member in such capacity only,  does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant, or any other person or entity legally entitled to bring Released Defendants Claims on behalf of the Defendants in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members, and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge, and each of the other releasing parties shall be deemed by operation of

law to have acknowledged, that they may hereafter discover facts, legal theories or authorities in addition to or different from those which they or their respective counsel now know or believe to be true with respect to the subject matter of the Released Claims that, had they known, may have affected their decision to enter into this Stipulation, but they are notwithstanding this potential entering into this Stipulation and intend it to be a full, final, and permanent resolution of the matters at issue in this Action. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members, and other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

41. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶ 42 below) on behalf of the Defendants in such capacity only, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 43 below), and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against Lead Plaintiffs or any of the other Plaintiffs' Releasees.

42. "Released Defendants' Claims" means any and all claims, debts, demands, rights, causes of action, or liabilities of every nature and description (including, but not limited to, any claims for damages, interest, attorney's fees, expert, or consulting fees, and any other costs, expenses, or liability whatsoever), whether known claims or Unknown Claims, whether asserted or unasserted, whether accrued or un-accrued, whether arising under federal, state, local, statutory, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

43. "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in this consolidated Action, and all other Settlement Class Member, together with each of their respective past, present, or future affiliates, divisions, joint ventures, assigns, assignees, direct or indirect parents or subsidiaries, controlling shareholders, successors, predecessors, entities in which a Settlement Class Member has a controlling or co-controlling interest, and any trust in which any Settlement Class Member is the settlor or which is for the benefit of any Settlement Class Member or their Immediate Family, and each of their past, present, or future officers, directors, agents, employees, partners, principals, members, attorneys, shareholders, investment advisors, auditors, accountants, insurers, trustees, and Immediate Family, and the legal representatives, heirs, successors in interest, or assigns of any of the foregoing, all in their capacities as such.

---

**HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?**

---

44. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked or submitted online no later than _____, 2023**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.TenarisSecuritiesSettlement.com, or you may request that a Claim Form be

11

mailed to you by calling the Claims Administrator toll free at 1-877-388-1758.  Please retain all records of your ownership of and transactions in Tenaris ADS, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

### HOW MUCH WILL MY PAYMENT BE?

45.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

46.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid nine million five hundred thousand dollars ($9,500,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

47.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

48.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

49.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

50.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked or submitted online on or before _____, 2023 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member, and any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶ 38 above) on behalf of the respective Settlement Class Member in such capacity only, releases the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees (as defined in ¶ 39 above) and shall forever be barred and enjoined and prohibited from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any of the Released Plaintiffs' Claims against any Defendant or other Defendants' Releasee whether or not such Settlement Class Member submits a Claim Form.

12

51. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Tenaris ADS held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Tenaris ADS during the Settlement Class Period may be made by the plan's trustees. To the extent any Defendant or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

52. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

53. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

54. Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Tenaris ADS during the Settlement Class Period and were allegedly damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are Tenaris ADS.

## PROPOSED PLAN OF ALLOCATION

55. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

56. The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period which Lead Plaintiffs allege corrective information was entering the market place. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the Settlement Class Period (*i.e.*, May 1, 2014 through and December 5, 2018, inclusive) which had the effect of artificially inflating the price of Tenaris ADS.[4] The estimated alleged artificial inflation in the price of Tenaris ADS during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Tenaris ADS

---

[4] During the Settlement Class Period, the Tenaris ADS were listed on the New York Stock Exchange (NYSE) under the symbol "TS."

13

during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiffs and the price change in the ADS, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiffs.

57. In order to have recoverable damages, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of the Tenaris ADS. In this matter, information disclosed on November 27, 2018 and December 5, 2018 allegedly corrected the misrepresentations alleged by Lead Plaintiffs, thereby removing the alleged artificial inflation from the price of Tenaris ADS on November 27, 2018 and December 6, 2018 (the "Corrective Disclosure Dates"). Accordingly, in order to have a Recognized Loss Amount, Tenaris ADS must have been purchased or acquired during the Settlement Class Period and still held at the opening of the U.S. financial markets on either November 27, 2018 or December 6, 2018.[5]

58. To the extent a Claimant does not satisfy the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

| Table 1<br>Alleged Artificial Inflation in Tenaris ADS | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| May 1, 2014 | November 26, 2018 | $2.84 |
| November 27, 2018 | December 4, 2018 | $0.66 |
| December 6, 2018 | Thereafter | $0.00 |

59. The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for Tenaris ADS. The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on Tenaris ADS purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such ADS and its average price during the 90-Day Lookback Period. The Recognized Loss Amount on Tenaris ADS purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such ADS and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

60. In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero. Any transactions in Tenaris ADS executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

61. Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of Tenaris ADS during the Settlement Class Period that is listed

---

[5] The U.S. financial markets were close on Wednesday, December 5, 2018, in observance of the National Day of Mourning for former President George H.W. Bush.

in the Proof of Claim Form and for which adequate documentation is provided.

I.   For each share purchased during the Settlement Class Period that was sold prior to November 27, 2018, the Recognized Loss Amount is $0.00.

II.  For each share purchased between May 1, 2014 and November 26, 2018, inclusive:

   a. that was subsequently sold during the period November 27, 2018 through December 4, 2018, inclusive, the Recognized Loss Amount is $2.18.

   b. that was subsequently sold during the period December 6, 2018 through March 4, 2019, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss Amount is *the lesser of*:

      i.   $2.84; or

      ii.  the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

   c. that was still held as of the close of trading on March 4, 2019, the Recognized Loss Amount is *the lesser of*:

      i.   $2.84; or

      ii.  the purchase price *minus* the average closing price for Tenaris stock during the 90-Day Lookback Period, which is $24.07.

III. For each share purchased between November 27, 2018 and December 4, 2018, inclusive:

   a. that was subsequently sold during the period November 27, 2018 through December 4, 2018, inclusive, the Recognized Loss Amount is $0.00.

   b. that was subsequently sold during the period December 6, 2018 through March 4, 2019, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss Amount is *the lesser of*:

      i.   $0.66; or

      ii.  the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

   c. that was still held as of the close of trading on March 4, 2019, the Recognized Loss Amount is *the lesser of*:

      i.   $0.66; or

      ii.  the purchase price *minus* the average closing price for Tenaris stock during the 90-Day Lookback Period, which is $24.07.

15

IV. For each share purchased or otherwise acquired on or after December 6, 2018, the Recognized Loss Amount is $0.00.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 12/6/2018 | $23.43 | 1/7/2019 | $21.97 | 2/5/2019 | $23.06 |
| 12/7/2018 | $23.14 | 1/8/2019 | $22.02 | 2/6/2019 | $23.12 |
| 12/10/2018 | $23.00 | 1/9/2019 | $22.10 | 2/7/2019 | $23.16 |
| 12/11/2018 | $22.91 | 1/10/2019 | $22.17 | 2/8/2019 | $23.20 |
| 12/12/2018 | $22.93 | 1/11/2019 | $22.24 | 2/11/2019 | $23.23 |
| 12/13/2018 | $22.95 | 1/14/2019 | $22.29 | 2/12/2019 | $23.28 |
| 12/14/2018 | $22.84 | 1/15/2019 | $22.32 | 2/13/2019 | $23.34 |
| 12/17/2018 | $22.71 | 1/16/2019 | $22.36 | 2/14/2019 | $23.40 |
| 12/18/2018 | $22.61 | 1/17/2019 | $22.41 | 2/15/2019 | $23.47 |
| 12/19/2018 | $22.47 | 1/18/2019 | $22.47 | 2/19/2019 | $23.53 |
| 12/20/2018 | $22.31 | 1/22/2019 | $22.51 | 2/20/2019 | $23.61 |
| 12/21/2018 | $22.19 | 1/23/2019 | $22.55 | 2/21/2019 | $23.69 |
| 12/24/2018 | $22.06 | 1/24/2019 | $22.59 | 2/22/2019 | $23.76 |
| 12/26/2018 | $22.02 | 1/25/2019 | $22.66 | 2/25/2019 | $23.82 |
| 12/27/2018 | $21.97 | 1/28/2019 | $22.72 | 2/26/2019 | $23.88 |
| 12/28/2018 | $21.94 | 1/29/2019 | $22.77 | 2/27/2019 | $23.94 |
| 12/31/2018 | $21.91 | 1/30/2019 | $22.83 | 2/28/2019 | $23.98 |
| 1/2/2019 | $21.90 | 1/31/2019 | $22.89 | 3/1/2019 | $24.03 |
| 1/3/2019 | $21.89 | 2/1/2019 | $22.94 | 3/4/2019 | $24.07 |
| 1/4/2019 | $21.92 | 2/4/2019 | $23.00 | | |

## ADDITIONAL PROVISIONS

62. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 65 below) is $10.00 or greater.

63. **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Tenaris ADS, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

64. **Calculation of Claimant's "Recognized Claim:** A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all shares of Tenaris ADS.

65. **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of

16

all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

66. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Tenaris ADS shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Tenaris ADS during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Tenaris ADS for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Tenaris ADS unless (i) the donor or decedent purchased or otherwise acquired such Tenaris ADS during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Tenaris ADS; and (iii) it is specifically so provided in the instrument of gift or assignment.

67. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Tenaris ADS. The date of a "short sale" is deemed to be the date of sale of Tenaris ADS. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Tenaris ADS, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

68. **Option Contracts:** Option contracts are not securities eligible to participate in the Settlement. With respect to Tenaris ADS purchased through the exercise of an option, the purchase date of the Tenaris ADS shall be the exercise date of the option, and the purchase price of the Tenaris ADS shall be the closing price of Tenaris ADS on the date of exercise. Any Recognized Loss Amount arising from purchases of Tenaris ADS acquired during the Settlement Class Period through the exercise of an option on Tenaris ADS shall be computed as provided for other purchases of Tenaris ADS in the Plan of Allocation.

69. **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Tenaris ADS during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Tenaris ADS during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

70. For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Tenaris ADS during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total

17

Purchase Amount[6] and (ii) the sum of the Total Sales Proceeds[7] and the Holding Value.[8]  If the Claimant's Total Purchase Amount *minus* the sum of the Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities.

71.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

72.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or

---

[6] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Tenaris ADS purchased or acquired during the Settlement Class Period.

[7] The Claims Administrator shall match any sales of Tenaris ADS during the Settlement Class Period, first against the Claimant's opening position in Tenaris ADS (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Tenaris ADS sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[8] The Claims Administrator shall ascribe a "Holding Value" to shares of Tenaris ADS purchased or acquired during the Settlement Class Period and still held as of the close of trading on December 4, 2018, which shall be $23.43 (*i.e.*, the closing price of the stock on the last Corrective Disclosure Date, December 6, 2018).  The total calculated holding values for all Tenaris ADS shall be the Claimant's "Total Holding Value."

18

withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

73. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.TenarisSecuritiesSettlement.com.

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

---

74. Lead Counsel has not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor has Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $145,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in an aggregate amount not to exceed $15,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

---

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

---

75. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Tenaris Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The exclusion request must be *received* no later than _____, 2023. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Tenaris Securities Litigation*, Case No. 1:18-cv-07059"; (c) state the number of Tenaris ADS that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between May 1, 2014 and December 5, 2018, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

76. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any Defendant or other Defendants' Releasee.

77.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

78.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

<div style="border:1px solid black; background:#e0e0e0; text-align:center;">

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

</div>

79.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

80.    The Settlement Hearing will be held on _____, 2023 at __:__ _.m., before the Honorable Kiyo A. Matsumoto at the United States District Court for the Eastern District of New York, United States Courthouse, Courtroom 6C South, 225 Cadman Plaza East, Brooklyn, NY 11201.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

81.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of New York at the address set forth below on or before _____, 2023.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2023**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court Eastern District of New York Clerk of the Court United States Courthouse 225 Cadman Plaza East Brooklyn, NY 11201 | **Glancy Prongay & Murray LLP** Kara M. Wolke, Esq. 1925 Century Park East, Suite 2100 Los Angeles, CA 90067 | **Sullivan & Cromwell LLP** Brendan P. Cullen, Esq. 1870 Embarcadero Road Palo Alto, CA 94303  -and- **Dechert LLP** Mauricio España, Esq. Three Bryant Park 1095 Avenue of the Americas New York, NY 10036 |

82.    Any objection: (a) must state the name, address and telephone number of the person or

20

entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of Tenaris ADS that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between May 1, 2014 and December 5, 2018, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

83. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

84. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before _____, 2023**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

85. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 81 above so that the notice is *received* **on or _____, 2023**.

86. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

87. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT TENARIS ADS ON SOMEONE ELSE'S BEHALF?

88. If you purchased or otherwise acquired Tenaris ADS between May 1, 2014 and December 5, 2018, inclusive, for the beneficial interest of persons or organizations other than yourself, you must, within seven (7) calendar days of receipt of the Postcard Notice or the Claims Administrator's notice of the Settlement, either: (a) request from the Claims Administrator

21

sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice and Claim Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names and addresses of all such beneficial owners to *In re Tenaris Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173022, Milwaukee, WI 53217. If you choose the third option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.05 per name and address provided to the Claims Administrator; up to $0.10 per Postcard Notice actually mailed, plus postage at the rate used by Claims Administrator; or up to $0.05 per link to the Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.TenarisSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-877-388-1758.

| **CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
| --- |

89. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Eastern District of New York, United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.TenarisSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| *In re Tenaris* | and/or | Kara M. Wolke, Esq. |
| --- | --- | --- |
| *Securities Litigation* | | GLANCY PRONGAY & MURRAY LLP |
| c/o A.B. Data, Ltd. | | 1925 Century Park East, Suite 2100 |
| P.O. Box 173022 | | Los Angeles, CA 90067 |
| info@TenarisSecuritiesSettlement.com | | (310) 201-9150 |
| 1-877-388-1758 | | settlements@glancylaw.com |
| www.TenarisSecuritiesSettlement.com | | |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2023

By Order of the Court
United States District Court
Eastern District of New York

22

**Exhibit A-2**

*In re Tenaris Securities Litigation*
**c/o A.B. Data, Ltd.
P.O. Box 173022
Milwaukee, WI 53217
Toll Free Number: (877) 388-1758
Settlement Website: www.TenarisSecuritiesSettlement.com
Email:  info@TenarisSecuritiesSettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it online at www.TenarisSecuritiesSettlement.com or mail it by first-class mail to the above address, **submitted online or postmarked no later than _____, 2023.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | _ |
| **PART II – GENERAL INSTRUCTIONS** | _ |
| **PART III – SCHEDULE OF TRANSACTIONS IN TENARIS ADS** | _ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | _ |

1

## PART I – CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                                 State          Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                              Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[1]:

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)     ☐ Pension Plan     ☐ Trust
- ☐ Corporation                                     ☐ Estate

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

2

☐    IRA/401K                                    ☐  Other _____ (please specify)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice.  The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons or entities who between May 1, 2014 and December 5, 2018, inclusive (the "Settlement Class Period"), purchased or otherwise acquired Tenaris S.A. ("Tenaris") American Depositary Shares ("ADS") and who suffered economic losses as a proximate result of the alleged wrongdoing (the "Settlement Class"). All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members." **PLEASE NOTE:** Tenaris ordinary shares are not eligible Settlement Class securities, and purchases or other acquisitions of those securities do not establish membership in the Settlement Class.  You should not submit information related to the purchase, acquisition and/or sale of Tenaris ordinary shares with this Claim Form.

3.      Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) (i) Defendants and Former Defendants; (ii) the legal representatives, heirs, successors, assigns, and Immediate Family members of the Individual Defendant and Edgardo Carlos; (iii) the parents, subsidiaries, assigns, successors, predecessors and affiliates of Tenaris, San Faustin S.A., and/or Techint Holdings S.á.r.l.; (iv) any person who served as an Officer and/or director of Tenaris, San Faustin S.A., and/or Techint Holdings S.á.r.l. during the Settlement Class Period; (v) any entity in which any of the foregoing (i)-(iv) excluded persons have or had a majority ownership interest during the Settlement Class Period; (c) any trust of which the Individual Defendant or Edgardo Carlos is the grantor or settlor or which is for the benefit of Individual Defendant, Edgardo Carlos and/or member(s) of their Immediate Family; and (d) Defendants' liability insurance carriers.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.

4.      If you are not a Settlement Class Member do not submit a Claim Form.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM

3

FORM, unless you submit a request for exclusion from the Settlement Class. Thus, if you are a Settlement Class Member, the Judgment will release, and you will be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting each and every Released Plaintiffs' Claims (including Unknown Claims) against Defendants and the other Defendants' Releasees.

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.      Use the Schedules of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Tenaris ADS. On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable Tenaris ADS, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.      Please note: Only Tenaris ADS purchased/acquired during the Settlement Class Period (*i.e.*, between May 1, 2014, and December 5, 2018, inclusive) are eligible under the Settlement. However, because the PSLRA provides for a "90-Day Lookback Period" (described in the Plan of Allocation set forth in the Settlement Notice), you must provide documentation related to your purchases and sales of Tenaris ADS during the period from December 6, 2018, through and including March 4, 2019 (*i.e.*, the 90-Day Lookback Period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

10.      You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable Tenaris ADS set forth in the Schedules of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Tenaris ADS. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the

4

name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12. All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired Tenaris ADS during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired Tenaris ADS during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

13. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Tenaris ADS; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the Tenaris ADS you have listed in the Claim Form; or

(b) are expressly authorized to act on behalf of the owner thereof.

15. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

17. PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

5

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, In re Tenaris Securities Litigation, c/o A.B. Data, Ltd. at P.O. Box 173022 Milwaukee, WI 53217 by email at info@TenarisSecuritiesSettlement.com, or by toll-free phone at 1-877-388-1758 or you may download the documents from the Settlement website, www.TenarisSecuritiesSettlement.com.

19.     NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.TenarisSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at info@TenarisSecuritiesSettlement.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@TenarisSecuritiesSettlement.com to inquire about your file and confirm it was received and acceptable.

20.     NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.TenarisSecuritiesSettlement.com.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@TenarisSecuritiesSettlement.com or 1-877-388-1758.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-877-388-1758.**

## PART III – SCHEDULE OF TRANSACTIONS IN TENARIS ADS

Complete this Part III if and only if you purchased/acquired Tenaris ADS during the period from May 1, 2014, through and including December 5, 2018. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Tenaris ADS purchased.

**1. BEGINNING HOLDINGS** – State the total number of shares of Tenaris ADS held as of the close of trading on April 30, 2014. (Must be documented.) If none, write "zero" or "0." _____

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH MARCH 4, 2019** – Separately list each and every purchase/acquisition (including free receipts) of Tenaris ADS from after the opening of trading on May 1, 2014, through and including the close of trading on March 4, 2019. (Must be documented.)[2]

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |

**3. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH MARCH 4, 2019** – Separately list each and every sale/disposition (including free deliveries) of Tenaris ADS from after the opening of trading on May 1, 2014, through and including the close of trading on March 4, 2019. (Must be documented.)    **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |

---

[2] Please Note: Information requested with respect to your purchases/acquisitions of Tenaris ADS from December 6, 2018, through and including March 4, 2019, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

7

**4. ENDING HOLDINGS** – State the total number of shares of Tenaris ADS held as of the close of trading on March 4, 2019. (Must be documented.) If none, write "zero" or "0." _____

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL _NOT_ BE REVIEWED**

---

## *PART VI – RELEASE OF CLAIMS AND SIGNATURE*

### *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE XX OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in the Stipulation and in the Settlement Notice) on my (our) behalf, in such capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Settlement Notice) against the Defendants and the other Defendants' Releasees (as defined in the Stipulation and in the Settlement Notice) and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants or the other Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1. that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page 3 of this Claim Form;

3. that I (we) own(ed) the Tenaris ADS identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4. that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Tenaris ADS and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5. that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8

7.    that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8.    that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

| | |
|---|---|
| Signature of Claimant | Date |

| |
|---|
| Print your name here |

| | |
|---|---|
| Signature of joint Claimant, if any | Date |

| |
|---|
| Print your name here |

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

| | |
|---|---|
| Signature of person signing on behalf of Claimant | Date |

| |
|---|
| Print your name here |

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC.* (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 14 ON PAGE __ OF THIS CLAIM FORM.)

9

## REMINDER CHECKLIST:

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-877-388-1758.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@TenarisSecuritiesSettlement.com, or toll-free at 1-877-388-1758 or visit www.TenarisSecuritiesSettlement.com. Please DO NOT call Tenaris or any other Defendant or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2023**, ADDRESSED AS FOLLOWS:

*In re Tenaris Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173022
Milwaukee, WI 53217

OR SUBMITTED ONLINE AT WWW.TENARISSECURITIESSETTLEMENT.COM **ON OR BEFORE _____, 2023**.

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2023 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re Tenaris S.A. Securities Litigation* | Case No. 1:18-cv-07059-KAM-SJB |
|  | Honorable Kiyo A. Matsumoto |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF
SETTLEMENT CLASS AND PROPOSED SETTLEMENT;
(II) SETTLEMENT FAIRNESS HEARING; AND
(III) MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:** **All persons and entities who, during the period between May 1, 2014, and December 5, 2018, inclusive, purchased or otherwise acquired American Depositary Shares of Tenaris S.A. ("Tenaris") and who suffered economic losses as a proximate result of the alleged wrongdoing (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $9,500,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2023 at __:__ _.m., before the Honorable Kiyo A. Matsumoto at the United States District Court for the Eastern District of New York, United States Courthouse, Courtroom 6C South, 225 Cadman Plaza East, Brooklyn, NY 11201, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated March 3, 2023 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. The Notice and Proof of Claim and Release Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.TenarisSecuritiesSettlement.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *In re Tenaris Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173022, Milwaukee, WI 53217, 1-877-388-1758.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked or online* no later than _____, 2023. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2023, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2023, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Tenaris, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*In re Tenaris Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173022
Milwaukee, WI 53217
877-388-1758
info@TenarisSecuritiesSettlement.com
www.TenarisSecuritiesSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Kara M. Wolke, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

(888) 773-9224
settlements@glancylaw.com

By Order of the Court

In re Tenaris Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173022
Milwaukee, WI 53217

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*In re Tenaris S.A. Securities Litigation,*
Case No. 1:18-cv-07059

[Postage Prepaid]

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.TENARISSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.*

There has been a proposed Settlement of claims against Tenaris S.A. ("Tenaris") and Paolo Rocca (collectively, "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege Defendants disseminated materially false and misleading information to the investing public about Tenaris in violation of the federal securities laws. Defendants deny and expressly dispute any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Tenaris American Depositary Shares ("ADS") between May 1, 2014 and December 5, 2018, inclusive, and suffered economic losses as a proximate result of the alleged wrongdoing.

Defendants have agreed to pay a Settlement Amount of $9,500,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.TenarisSecuritiesSettlement.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Tenaris ADS. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.14 per eligible share before attorneys' fees, expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www. TenarisSecuritiesSettlement.com or will be mailed to you upon request to the Claims Administrator (877-388-1758). **Claim Forms must be postmarked or submitted online by _____, 2023**. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, 2023, or you will not be able to sue Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by _____, 2023. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on _____, 2023 to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus actual expenses up to $145,000 for litigating the case and negotiating the Settlement, and reimbursement of Plaintiffs' costs and expenses related to their representation of the Settlement Class in an aggregate amount not to exceed $15,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (877-388-1758) or visit the website www.TenarisSecuritiesSettlement.com and read the detailed Notice.