# EXHIBIT 7



INVESTOR COUNSEL

Laurence M. Rosen
lrosen@rosenlegal.com

August 9, 2022

_Via ECF_

The Honorable Claire C. Cecchi
Martin Luther King Building
50 Walnut Street
Courtroom 5B
Newark NJ 07101

Re:     _Vanderhoef v. China Auto Logistics, Inc., et al._, No. 2:18-cv-10174-CCC-ESK

Dear Judge Cecchi:

We represent Lead Plaintiffs Zhengyu He, Harold Brooks Moss, and Andrew Pagliara ("Plaintiffs") in the above-referenced action. We write pursuant to Federal Rule of Civil Procedure 41(a)(2) to request that the Court enter the attached [Proposed] Order dismissing this Action. A summary of the procedural history of this action leading to Plaintiffs' request for dismissal follows.

On November 21, 2018, Plaintiffs filed the operative Amended Complaint for Violation of the Federal Securities Laws ("Complaint") (Dkt. No. 17) asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against Defendants Tong Shiping, Wang Xinwei, Cheng Weihong, Lv Fuqi, Yang Lili, Bai Shaohua ("Chinese Defendants," who are each located in the People's Republic of China), China Auto Logistics Inc. ("CALI"), and Howard S. Barth ("Barth"). On January 22, 2019, CALI filed a motion to dismiss the Complaint (Dkt. No. 32), which Plaintiffs opposed. On May 14, 2020, Barth and the Chinese Defendants filed a motion to dismiss the Complaint (Dkt. No. 93), which Plaintiffs opposed. On August 31, 2020, the Court denied CALI's motion to dismiss (Dkt. No. 106).

On September 23, 2020, counsel for CALI moved to withdraw from their representation of CALI due to CALI's failure to make payments owed to counsel or to engage in communications with counsel (Dkt. No. 110). The Court granted the motion to withdraw on October 22, 2020 (Dkt. No. 118). On November 24, 2020, after CALI failed to timely file an answer to the Complaint or retain new counsel pursuant to the Court's order, Plaintiffs filed a request for default against CALI (Dkt. No. 119), which the Clerk of Court granted on December 1, 2020. On November 25, 2020, counsel for the Chinese Defendants notified this Court that CALI had filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Nevada (Dkt. No. 120).

On July 30, 2021, the Court denied the Barth's and the Chinese Defendants' motion to dismiss (Dkt. No. 123). On August 27, 2021, Barth and the Chinese Defendants filed their respective answers to the Complaint (Dkt. Nos. 126-127).

THE ROSEN LAW FIRM, P.A. ♦ ONE GATEWAY CENTER, SUITE 2600 ♦ NEWARK, NJ 07102 ♦ TEL: (973) 313-1887 ♦ FAX: (973) 833-0399

1

On August 30, 2021, counsel for the Chinese Defendants moved to withdraw from their representation of the Chinese Defendants due to failure to make payments owed to counsel or to engage in communications with counsel (Dkt. Nos. 128-29). On August 30, 2021, counsel for Barth moved to withdraw from representation of Barth due to failure to make payments owed to counsel (Dkt. No. 130), which motion was amended on September 3, 2021 (Dkt. No. 132). On October 20, 2021, the Court granted the motions to withdraw (Dkt. No. 133).

Barth has since retained new counsel, but CALI and the Chinese Defendants have not. Counsel for Plaintiffs have attempted to contact the Chinese Defendants and their representatives, *see* Dkt. No. 137 (joint status report detailing the efforts of Plaintiffs' counsel), but have had no success in doing so.

On July 21, 2022, Plaintiffs and Barth entered into a Settlement Agreement and Mutual Release ("Settlement Agreement") to settle and release Plaintiffs' claims against Barth in this Action. The issuance of further notice of the settlement and dismissal is not necessary as Plaintiffs are settling and dismissing their individual claims and the putative class has not been certified.

Therefore, pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs request that the Court enter the attached [Proposed] Order, stating that:

1. This Action is dismissed with prejudice as to Barth and without prejudice as to CALI and the Chinese Defendants;

2. The Court retains jurisdiction for the sole purpose of enforcing the Settlement Agreement.

3. All parties are to bear their own costs, fees, and expenses.

4. No notice of this dismissal or the Settlement Agreement is required as: (a) Plaintiffs are settling and dismissing their individual claims; and (b) the putative class has not been certified.

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Laurence M. Rosen*
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817

THE ROSEN LAW FIRM, P.A. ♦ ONE GATEWAY CENTER, SUITE 2600 ♦ NEWARK, NJ 07102 ♦ TEL: (973) 313-1887 ♦ FAX: (973) 833-0399

2

Fax: (212) 202-3827
Email: pkim@rosenlegal.com
        jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs*

cc: All counsel of record

Encl.

Case 2:18-cv-13502-PKC-ESK   Document 148-7   Filed 08/09/22   Page 3 of 4 PageID: 1360

**THE ROSEN LAW FIRM, P.A. ♦ ONE GATEWAY CENTER, SUITE 2600 ♦ NEWARK, NJ 07102 ♦ TEL: (973) 313-1887 ♦ FAX: (973) 833-0399**

3