# EXHIBIT 8

Case 1:21-cv-03502-PKC-RML   Document 53-8   Filed 01/12/24   Page 2 of 5 PageID #: 1362

| Caution<br>October 19, 2023 | Worldwide Caution |
|---|---|
| Update<br>January 10, 2024 | Information for U.S. Citizens in the Middle East |

# Travel.State.Gov

U.S. DEPARTMENT of STATE — BUREAU of CONSULAR AFFAIRS

**Legal Resources** | U.S. Passports | U.S. Visas | Intercountry Adoption | International Parental Child Abduction | Replace or Certify Documents

Legal Resources | U.S. Visa Law & Policy | Judicial Assistance Country Information

Travel.State.Gov > Legal Resources > Legal Resources > International Judicial Assistance > Enforcement of Judgments

**Share this page:**   ☐ Print   ☐ Email   ☐ Facebook   ☐ Twitter

- ☐ U.S. Citizenship Laws and Policy
- ☐ **International Judicial Assistance**
  - ☐ Service of Process
  - ☐ Obtaining Evidence
  - ☐ Retaining A Foreign Attorney
  - **Enforcement of Judgments**
  - ☐ International Treaties &

# Enforcement of Judgments

In many foreign countries, as in most jurisdictions in the United States, the recognition and enforcement of foreign judgments is governed by local domestic law and the principles of comity, reciprocity and res judicata (that is, that the issues in question have been decided already). The information below is designed to assist attorneys seeking to enforce U.S. judgments abroad.

**Disclaimer:** The information relating to the legal requirements of specific foreign countries is provided for general information only and may not be totally accurate in a particular case. Questions involving interpretation of specific foreign laws should be addressed to foreign attorneys. This circular seeks only to provide information; it is not an opinion on any aspect of U.S., foreign, or international law. The U.S. Department of State does not intend by the contents of this circular to take a position on any aspect of any pending litigation.

## General

## Enroll in STEP



Subscribe to get up-to-date safety and security information and help us reach you in an emergency abroad.

Recommended Web Browsers: Microsoft Edge or Google Chrome.

Case 1:21-cv-03502-PKC-RML    Document 53-8    Filed 01/12/24    Page 3 of 5 PageID #: 1363

Agreements

International Child Support Enforcement

International Prisoner Transfer Program

Information for Lawyers and Judges

☐ Advice about Possible Loss of U.S. Nationality and Dual Nationality

There is no bilateral treaty or multilateral convention in force between the United States and any other country on reciprocal recognition and enforcement of judgments. Although there are many reasons for the absence of such agreements, a principal stumbling block appears to be the perception of many foreign states that U.S. money judgments are excessive according to their notions of liability. Moreover, foreign countries have objected to the extraterritorial jurisdiction asserted by courts in the United States. In consequence, absent a treaty, whether the courts of a foreign country would enforce a judgment issued by a court in the United States depends upon the internal laws of the foreign country and international comity. In many foreign countries, as in most jurisdictions in the United States, the recognition and enforcement of foreign judgments is governed by local domestic law and the principles of comity, reciprocity and res judicata.

The general principle of international law applicable in such cases is that a foreign state exercises the right to examine foreign judgments for four causes: (1) to determine if the court that issued the judgment had jurisdiction; (2) to determine whether the defendant was properly notified of the action; (3) to determine if the proceedings were vitiated by fraud; and (4) to establish that the judgment is not contrary to the public policy of the foreign country. While procedures and documentary requirements vary widely from country to country, judgments which do not involve multiple damages or punitive damages generally may be enforced, in whole or in part, upon recognition as authoritative and final, subject to the particulars cited above, unless internal law mandates a treaty obligation.

If eventual enforcement of a United States judgment abroad is envisioned, you may wish to consult foreign legal counsel before you begin filing the complaint, serving process, discovery, trial, etc. This may help ensure that the foreign requirements for enforcement are not inadvertently violated in the U.S. action. In certain foreign legal systems, a foreign judgment will not be enforced unless it satisfies not only international standards as to jurisdiction, but also internal requirements as to notice, and other requirements. Once a judgment has been issued by a court in the United States, formal legal proceedings usually must be initiated in the foreign country by an attorney authorized to practice in the foreign country.

### Personal Jurisdiction

It is fundamental that a court must have personal jurisdiction over a defendant before it can enter a valid judgment imposing a personal obligation on the defendant. *Kulko v. Superior Court*, 436 U.S. 84 (1978). In *Pennoyer v. Neff*, 95 U.S. 714 (1878) the Supreme Court set down the basic rule that a personal judgment against a nonresident defendant who was not served within the state, and who did not appear or otherwise assent to the jurisdiction of the court, is invalid.



VIEW ALL TRAVEL ADVISORIES

Over the years, however, the Supreme Court has substantially qualified *Pennoyer* to the extent that, under certain circumstances, a state court may properly acquire personal jurisdiction over a nonresident even though the defendant is not personally served within the forum state, provided the defendant has certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). See also, e.g., *Hanson v. Denckla* , 357 U.S. 235 (1958); Shaffer v. Heitner, 433 U.S. 186 (1977); and *World-Wide Volks-Wagen Corp. v. Woodson,* 444 U.S. 286 (1980). As noted above, foreign countries may find that the U.S. interpretation of this issue differs from local foreign law, rendering the U.S. judgment unenforceable abroad. For this reason, you may wish to consult a local attorney in the foreign country very early in the U.S. proceeding, long before any judgment is rendered.

### Retaining A Foreign Attorney

You may wish to consult your local attorney before proceeding with the expensive task of translating and authenticating documents for a foreign enforcement proceeding. U.S. embassies and consulates overseas can provide lists of attorneys in foreign countries who have expressed a willingness to assist U.S. clients. **See** our flyer [Retaining a Foreign Attorney](#).

### Enforcement of a Foreign Judgment in the U.S.

Enforcement of judgments issued by foreign courts in the United States is governed by the laws of the states. Enforcement cannot be accomplished by means of letters rogatory in the United States. Under U.S. law, an individual seeking to enforce a foreign judgment, decree or order in this country must file suit before a competent court. The court will determine whether to recognize and enforce the foreign judgment.

### Arbitration

There are a number of international agreements in force to which the United States is a party on the subject of enforcement of arbitral awards. See *Convention on the Recognition and Enforcement of Foreign Arbitral Awards* , 21 UST 2517; TIAS 6997; 330 UNTS 3; *Inter-American Convention on International Commercial Arbitration* , 14 I.L.M. 336 (1975). See also, 9 U.S.C. 201-208 (Federal Arbitration Act).

Travel.State.Gov

Popular Links

Stay Connected

**Travel.State.Gov**
**U.S. Passports**
**International Travel**
**U.S. Visas**
**Intercountry Adoption**
**International Parental Child**
**Abduction**
**Records and Authentications**

**Home**
**Travel Advisories**
**Newsroom**
**About Us**
**Contact Us**
**Careers**
☐ **MyTravelGov**
**Find U.S. Embassies & Consulates**

☐ ☐ ☐ ☐ ☐ ☐

Legal
Resources

**Legal Information**
**Info for U.S. Law Enforcement**

Privacy | Copyright & Disclaimer | FOIA | No FEAR Act Data | Office of the Inspector General | USA.gov☐ | USA.gov/espanol☐ |
This site is managed by the U.S. Department of State. External links to other Internet sites and listings of private entities on this page are provided as a convenience and should not be construed as the U.S. Department of State or U.S. government endorsement of the entity, its views, the products or services it provides, or the accuracy of information contained therein. The order in which names appear has no significance, and the listings or links may be removed at any time at the discretion of the Department.