# EXHIBIT 9



**41. CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN JUDGMENTS IN CIVIL OR COMMERCIAL MATTERS**

*(concluded 2 July 2019)*

The Contracting Parties to the present Convention,

Desiring to promote effective access to justice for all and to facilitate rule-based multilateral trade and investment, and mobility, through judicial co-operation,

Believing that such co-operation can be enhanced through the creation of a uniform set of core rules on recognition and enforcement of foreign judgments in civil or commercial matters, to facilitate the effective recognition and enforcement of such judgments,

Convinced that such enhanced judicial co-operation requires, in particular, an international legal regime that provides greater predictability and certainty in relation to the global circulation of foreign judgments, and that is complementary to the *Convention of 30 June 2005 on Choice of Court Agreements*,

Have resolved to conclude this Convention to this effect and have agreed upon the following provisions –

CHAPTER I – SCOPE AND DEFINITIONS

Article 1
*Scope*

1. This Convention shall apply to the recognition and enforcement of judgments in civil or commercial matters. It shall not extend in particular to revenue, customs or administrative matters.

2. This Convention shall apply to the recognition and enforcement in one Contracting State of a judgment given by a court of another Contracting State.

Article 2
*Exclusions from scope*

1. This Convention shall not apply to the following matters –

(a) the status and legal capacity of natural persons;

(b) maintenance obligations;

(c)    other family law matters, including matrimonial property regimes and other rights or obligations arising out of marriage or similar relationships;

(d)    wills and succession;

(e)    insolvency, composition, resolution of financial institutions, and analogous matters;

(f)    the carriage of passengers and goods;

(g)    transboundary marine pollution, marine pollution in areas beyond national jurisdiction, ship-source marine pollution, limitation of liability for maritime claims, and general average;

(h)    liability for nuclear damage;

(i)    the validity, nullity, or dissolution of legal persons or associations of natural or legal persons, and the validity of decisions of their organs;

(j)    the validity of entries in public registers;

(k)    defamation;

(l)    privacy;

(m)    intellectual property;

(n)    activities of armed forces, including the activities of their personnel in the exercise of their official duties;

(o)    law enforcement activities, including the activities of law enforcement personnel in the exercise of their official duties;

(p)    anti-trust (competition) matters, except where the judgment is based on conduct that constitutes an anti-competitive agreement or concerted practice among actual or potential competitors to fix prices, make rigged bids, establish output restrictions or quotas, or divide markets by allocating customers, suppliers, territories or lines of commerce, and where such conduct and its effect both occurred in the State of origin;

(q)    sovereign debt restructuring through unilateral State measures.

2.    A judgment is not excluded from the scope of this Convention where a matter to which this Convention does not apply arose merely as a preliminary question in the proceedings in which the judgment was given, and not as an object of the proceedings. In particular, the mere fact that such a matter arose by way of defence does not exclude a judgment from the Convention, if that matter was not an object of the proceedings.

3.    This Convention shall not apply to arbitration and related proceedings.

4.    A judgment is not excluded from the scope of this Convention by the mere fact that a State, including a government, a governmental agency or any person acting for a State, was a party to the proceedings.

5.    Nothing in this Convention shall affect privileges and immunities of States or of international organisations, in respect of themselves and of their property.

Article 3
*Definitions*

1.      In this Convention –

(a)     "defendant" means a person against whom the claim or counterclaim was brought in the State of origin;

(b)     "judgment" means any decision on the merits given by a court, whatever that decision may be called, including a decree or order, and a determination of costs or expenses of the proceedings by the court (including an officer of the court), provided that the determination relates to a decision on the merits which may be recognised or enforced under this Convention. An interim measure of protection is not a judgment.

2.      An entity or person other than a natural person shall be considered to be habitually resident in the State –

(a)     where it has its statutory seat;

(b)     under the law of which it was incorporated or formed;

(c)     where it has its central administration; or

(d)     where it has its principal place of business.

CHAPTER II – RECOGNITION AND ENFORCEMENT

Article 4
*General provisions*

1.      A judgment given by a court of a Contracting State (State of origin) shall be recognised and enforced in another Contracting State (requested State) in accordance with the provisions of this Chapter. Recognition or enforcement may be refused only on the grounds specified in this Convention.

2.      There shall be no review of the merits of the judgment in the requested State. There may only be such consideration as is necessary for the application of this Convention.

3.      A judgment shall be recognised only if it has effect in the State of origin, and shall be enforced only if it is enforceable in the State of origin.

4.      Recognition or enforcement may be postponed or refused if the judgment referred to under paragraph 3 is the subject of review in the State of origin or if the time limit for seeking ordinary review has not expired. A refusal does not prevent a subsequent application for recognition or enforcement of the judgment.

Article 5
*Bases for recognition and enforcement*

1.      A judgment is eligible for recognition and enforcement if one of the following requirements is met –

(a)   the person against whom recognition or enforcement is sought was habitually resident in the State of origin at the time that person became a party to the proceedings in the court of origin;

(b)   the natural person against whom recognition or enforcement is sought had their principal place of business in the State of origin at the time that person became a party to the proceedings in the court of origin and the claim on which the judgment is based arose out of the activities of that business;

(c)   the person against whom recognition or enforcement is sought is the person that brought the claim, other than a counterclaim, on which the judgment is based;

(d)   the defendant maintained a branch, agency, or other establishment without separate legal personality in the State of origin at the time that person became a party to the proceedings in the court of origin, and the claim on which the judgment is based arose out of the activities of that branch, agency, or establishment;

(e)   the defendant expressly consented to the jurisdiction of the court of origin in the course of the proceedings in which the judgment was given;

(f)   the defendant argued on the merits before the court of origin without contesting jurisdiction within the timeframe provided in the law of the State of origin, unless it is evident that an objection to jurisdiction or to the exercise of jurisdiction would not have succeeded under that law;

(g)   the judgment ruled on a contractual obligation and it was given by a court of the State in which performance of that obligation took place, or should have taken place, in accordance with

  (i)   the agreement of the parties, or

  (ii)   the law applicable to the contract, in the absence of an agreed place of performance,

  unless the activities of the defendant in relation to the transaction clearly did not constitute a purposeful and substantial connection to that State;

(h)   the judgment ruled on a lease of immovable property (tenancy) and it was given by a court of the State in which the property is situated;

(i)   the judgment ruled against the defendant on a contractual obligation secured by a right *in rem* in immovable property located in the State of origin, if the contractual claim was brought together with a claim against the same defendant relating to that right *in rem*;

(j)   the judgment ruled on a non-contractual obligation arising from death, physical injury, damage to or loss of tangible property, and the act or omission directly causing such harm occurred in the State of origin, irrespective of where that harm occurred;

(k)   the judgment concerns the validity, construction, effects, administration or variation of a trust created voluntarily and evidenced in writing, and –

  (i)   at the time the proceedings were instituted, the State of origin was designated in the trust instrument as a State in the courts of which disputes about such matters are to be determined; or

  (ii)   at the time the proceedings were instituted, the State of origin was expressly or impliedly designated in the trust instrument as the State in which the principal place of administration of the trust is situated.

  This sub-paragraph only applies to judgments regarding internal aspects of a trust between persons who are or were within the trust relationship;

(l)    the judgment ruled on a counterclaim –

    (i)    to the extent that it was in favour of the counterclaimant, provided that the counterclaim arose out of the same transaction or occurrence as the claim; or

    (ii)    to the extent that it was against the counterclaimant, unless the law of the State of origin required the counterclaim to be filed in order to avoid preclusion;

(m)    the judgment was given by a court designated in an agreement concluded or documented in writing or by any other means of communication which renders information accessible so as to be usable for subsequent reference, other than an exclusive choice of court agreement.

For the purposes of this sub-paragraph, an "exclusive choice of court agreement" means an agreement concluded by two or more parties that designates, for the purpose of deciding disputes which have arisen or may arise in connection with a particular legal relationship, the courts of one State or one or more specific courts of one State to the exclusion of the jurisdiction of any other courts.

2.    If recognition or enforcement is sought against a natural person acting primarily for personal, family or household purposes (a consumer) in matters relating to a consumer contract, or against an employee in matters relating to the employee's contract of employment –

(a)    paragraph 1(e) applies only if the consent was addressed to the court, orally or in writing;

(b)    paragraph 1(f), (g) and (m) do not apply.

3.    Paragraph 1 does not apply to a judgment that ruled on a residential lease of immovable property (tenancy) or ruled on the registration of immovable property. Such a judgment is eligible for recognition and enforcement only if it was given by a court of the State where the property is situated.

Article 6

*Exclusive basis for recognition and enforcement*

Notwithstanding Article 5, a judgment that ruled on rights *in rem* in immovable property shall be recognised and enforced if and only if the property is situated in the State of origin.

Article 7

*Refusal of recognition and enforcement*

1.    Recognition or enforcement may be refused if –

(a)    the document which instituted the proceedings or an equivalent document, including a statement of the essential elements of the claim –

    (i)    was not notified to the defendant in sufficient time and in such a way as to enable them to arrange for their defence, unless the defendant entered an appearance and presented their case without contesting notification in the court of origin, provided that the law of the State of origin permitted notification to be contested; or

    (ii)    was notified to the defendant in the requested State in a manner that is incompatible with fundamental principles of the requested State concerning service of documents;

(b)    the judgment was obtained by fraud;

(c)   recognition or enforcement would be manifestly incompatible with the public policy of the requested State, including situations where the specific proceedings leading to the judgment were incompatible with fundamental principles of procedural fairness of that State and situations involving infringements of security or sovereignty of that State;

(d)   the proceedings in the court of origin were contrary to an agreement, or a designation in a trust instrument, under which the dispute in question was to be determined in a court of a State other than the State of origin;

(e)   the judgment is inconsistent with a judgment given by a court of the requested State in a dispute between the same parties; or

(f)   the judgment is inconsistent with an earlier judgment given by a court of another State between the same parties on the same subject matter, provided that the earlier judgment fulfils the conditions necessary for its recognition in the requested State.

2.     Recognition or enforcement may be postponed or refused if proceedings between the same parties on the same subject matter are pending before a court of the requested State, where –

(a)   the court of the requested State was seised before the court of origin; and

(b)   there is a close connection between the dispute and the requested State.

A refusal under this paragraph does not prevent a subsequent application for recognition or enforcement of the judgment.

Article 8
*Preliminary questions*

1.     A ruling on a preliminary question shall not be recognised or enforced under this Convention if the ruling is on a matter to which this Convention does not apply or on a matter referred to in Article 6 on which a court of a State other than the State referred to in that Article ruled.

2.     Recognition or enforcement of a judgment may be refused if, and to the extent that, the judgment was based on a ruling on a matter to which this Convention does not apply, or on a matter referred to in Article 6 on which a court of a State other than the State referred to in that Article ruled.

Article 9
*Severability*

Recognition or enforcement of a severable part of a judgment shall be granted where recognition or enforcement of that part is applied for, or only part of the judgment is capable of being recognised or enforced under this Convention.

Article 10
*Damages*

1.     Recognition or enforcement of a judgment may be refused if, and to the extent that, the judgment awards damages, including exemplary or punitive damages, that do not compensate a party for actual loss or harm suffered.

2.      The court addressed shall take into account whether and to what extent the damages awarded by the court of origin serve to cover costs and expenses relating to the proceedings.


## Article 11
*Judicial settlements* (transactions judiciaires)

Judicial settlements (*transactions judiciaires*) which a court of a Contracting State has approved, or which have been concluded in the course of proceedings before a court of a Contracting State, and which are enforceable in the same manner as a judgment in the State of origin, shall be enforced under this Convention in the same manner as a judgment.


## Article 12
*Documents to be produced*

1.      The party seeking recognition or applying for enforcement shall produce –

(a)     a complete and certified copy of the judgment;

(b)     if the judgment was given by default, the original or a certified copy of a document establishing that the document which instituted the proceedings or an equivalent document was notified to the defaulting party;

(c)     any documents necessary to establish that the judgment has effect or, where applicable, is enforceable in the State of origin;

(d)     in the case referred to in Article 11, a certificate of a court (including an officer of the court) of the State of origin stating that the judicial settlement or a part of it is enforceable in the same manner as a judgment in the State of origin.

2.      If the terms of the judgment do not permit the court addressed to verify whether the conditions of this Chapter have been complied with, that court may require any necessary documents.

3.      An application for recognition or enforcement may be accompanied by a document relating to the judgment, issued by a court (including an officer of the court) of the State of origin, in the form recommended and published by the Hague Conference on Private International Law.

4.      If the documents referred to in this Article are not in an official language of the requested State, they shall be accompanied by a certified translation into an official language, unless the law of the requested State provides otherwise.


## Article 13
*Procedure*

1.      The procedure for recognition, declaration of enforceability or registration for enforcement, and the enforcement of the judgment, are governed by the law of the requested State unless this Convention provides otherwise. The court of the requested State shall act expeditiously.

2.       The court of the requested State shall not refuse the recognition or enforcement of a judgment under this Convention on the ground that recognition or enforcement should be sought in another State.

## Article 14
*Costs of proceedings*

1.      No security, bond or deposit, however described, shall be required from a party who in one Contracting State applies for enforcement of a judgment given by a court of another Contracting State on the sole ground that such party is a foreign national or is not domiciled or resident in the State in which enforcement is sought.

2.      An order for payment of costs or expenses of proceedings, made in a Contracting State against any person exempt from requirements as to security, bond, or deposit by virtue of paragraph 1 or of the law of the State where proceedings have been instituted, shall, on the application of the person entitled to the benefit of the order, be rendered enforceable in any other Contracting State.

3.      A State may declare that it shall not apply paragraph 1 or designate by a declaration which of its courts shall not apply paragraph 1.

## Article 15
*Recognition and enforcement under national law*

Subject to Article 6, this Convention does not prevent the recognition or enforcement of judgments under national law.

## CHAPTER III – GENERAL CLAUSES

## Article 16
*Transitional provision*

This Convention shall apply to the recognition and enforcement of judgments if, at the time the proceedings were instituted in the State of origin, the Convention had effect between that State and the requested State.

## Article 17
*Declarations limiting recognition and enforcement*

A State may declare that its courts may refuse to recognise or enforce a judgment given by a court of another Contracting State if the parties were resident in the requested State, and the relationship of the parties and all other elements relevant to the dispute, other than the location of the court of origin, were connected only with the requested State.

## Article 18
*Declarations with respect to specific matters*

1.      Where a State has a strong interest in not applying this Convention to a specific matter, that State may declare that it will not apply the Convention to that matter. The State making such a declaration shall ensure that the declaration is no broader than necessary and that the specific matter excluded is clearly and precisely defined.

2.      With regard to that matter, the Convention shall not apply –

(a)      in the Contracting State that made the declaration;

(b)    in other Contracting States, where recognition or enforcement of a judgment given by a court of a Contracting State that made the declaration is sought.


## Article 19
### *Declarations with respect to judgments pertaining to a State*

1.    A State may declare that it shall not apply this Convention to judgments arising from proceedings to which any of the following is a party –

(a)    that State, or a natural person acting for that State; or

(b)    a government agency of that State, or a natural person acting for such a government agency.

The State making such a declaration shall ensure that the declaration is no broader than necessary and that the exclusion from scope is clearly and precisely defined. The declaration shall not distinguish between judgments where the State, a government agency of that State or a natural person acting for either of them is a defendant or claimant in the proceedings before the court of origin.

2.    Recognition or enforcement of a judgment given by a court of a State that made a declaration pursuant to paragraph 1 may be refused if the judgment arose from proceedings to which either the State that made the declaration or the requested State, one of their government agencies or a natural person acting for either of them is a party, to the same extent as specified in the declaration.


## Article 20
### *Uniform interpretation*

In the interpretation of this Convention, regard shall be had to its international character and to the need to promote uniformity in its application.


## Article 21
### *Review of operation of the Convention*

The Secretary General of the Hague Conference on Private International Law shall at regular intervals make arrangements for review of the operation of this Convention, including any declarations, and shall report to the Council on General Affairs and Policy.


## Article 22
### *Non-unified legal systems*

1.    In relation to a Contracting State in which two or more systems of law apply in different territorial units with regard to any matter dealt with in this Convention –

(a)    any reference to the law or procedure of a State shall be construed as referring, where appropriate, to the law or procedure in force in the relevant territorial unit;

(b)    any reference to the court or courts of a State shall be construed as referring, where appropriate, to the court or courts in the relevant territorial unit;

(c)     any reference to a connection with a State shall be construed as referring, where appropriate, to a connection with the relevant territorial unit;

(d)     any reference to a connecting factor in relation to a State shall be construed as referring, where appropriate, to that connecting factor in relation to the relevant territorial unit.

2.      Notwithstanding paragraph 1, a Contracting State with two or more territorial units in which different systems of law apply shall not be bound to apply this Convention to situations which involve solely such different territorial units.

3.      A court in a territorial unit of a Contracting State with two or more territorial units in which different systems of law apply shall not be bound to recognise or enforce a judgment from another Contracting State solely because the judgment has been recognised or enforced in another territorial unit of the same Contracting State under this Convention.

4.      This Article shall not apply to Regional Economic Integration Organisations.

Article 23
*Relationship with other international instruments*

1.      This Convention shall be interpreted so far as possible to be compatible with other treaties in force for Contracting States, whether concluded before or after this Convention.

2.      This Convention shall not affect the application by a Contracting State of a treaty that was concluded before this Convention.

3.      This Convention shall not affect the application by a Contracting State of a treaty concluded after this Convention as concerns the recognition or enforcement of a judgment given by a court of a Contracting State that is also a Party to that treaty. Nothing in the other treaty shall affect the obligations under Article 6 towards Contracting States that are not Parties to that treaty.

4.      This Convention shall not affect the application of the rules of a Regional Economic Integration Organisation that is a Party to this Convention as concerns the recognition or enforcement of a judgment given by a court of a Contracting State that is also a Member State of the Regional Economic Integration Organisation where –

(a)     the rules were adopted before this Convention was concluded; or

(b)     the rules were adopted after this Convention was concluded, to the extent that they do not affect the obligations under Article 6 towards Contracting States that are not Member States of the Regional Economic Integration Organisation.

CHAPTER IV – FINAL CLAUSES

Article 24
*Signature, ratification, acceptance, approval or accession*

1.      This Convention shall be open for signature by all States.

2.      This Convention is subject to ratification, acceptance or approval by the signatory States.

3.    This Convention shall be open for accession by all States.

4.    Instruments of ratification, acceptance, approval or accession shall be deposited with the Ministry of Foreign Affairs of the Kingdom of the Netherlands, depositary of the Convention.

## Article 25
*Declarations with respect to non-unified legal systems*

1.    If a State has two or more territorial units in which different systems of law apply in relation to matters dealt with in this Convention, it may declare that the Convention shall extend to all its territorial units or only to one or more of them. Such a declaration shall state expressly the territorial units to which the Convention applies.

2.    If a State makes no declaration under this Article, the Convention shall extend to all territorial units of that State.

3.    This Article shall not apply to Regional Economic Integration Organisations.

## Article 26
*Regional Economic Integration Organisations*

1.    A Regional Economic Integration Organisation which is constituted solely by sovereign States and has competence over some or all of the matters governed by this Convention may sign, accept, approve or accede to this Convention. The Regional Economic Integration Organisation shall in that case have the rights and obligations of a Contracting State, to the extent that the Organisation has competence over matters governed by this Convention.

2.    The Regional Economic Integration Organisation shall, at the time of signature, acceptance, approval or accession, notify the depositary in writing of the matters governed by this Convention in respect of which competence has been transferred to that Organisation by its Member States. The Organisation shall promptly notify the depositary in writing of any changes to its competence as specified in the most recent notice given under this paragraph.

3.    For the purposes of the entry into force of this Convention, any instrument deposited by a Regional Economic Integration Organisation shall not be counted unless the Regional Economic Integration Organisation declares in accordance with Article 27(1) that its Member States will not be Parties to this Convention.

4.    Any reference to a "Contracting State" or "State" in this Convention shall apply equally, where appropriate, to a Regional Economic Integration Organisation.

## Article 27
*Regional Economic Integration Organisation as a Contracting Party without its Member States*

1.    At the time of signature, acceptance, approval or accession, a Regional Economic Integration Organisation may declare that it exercises competence over all the matters governed by this Convention and that its Member States will not be Parties to this Convention but shall be bound by virtue of the signature, acceptance, approval or accession of the Organisation.

2.      In the event that a declaration is made by a Regional Economic Integration Organisation in accordance with paragraph 1, any reference to a "Contracting State" or "State" in this Convention shall apply equally, where appropriate, to the Member States of the Organisation.

## Article 28
*Entry into force*

1.      This Convention shall enter into force on the first day of the month following the expiration of the period during which a notification may be made in accordance with Article 29(2) with respect to the second State that has deposited its instrument of ratification, acceptance, approval or accession referred to in Article 24.

2.      Thereafter this Convention shall enter into force –

(a)     for each State subsequently ratifying, accepting, approving or acceding to it, on the first day of the month following the expiration of the period during which notifications may be made in accordance with Article 29(2) with respect to that State;

(b)     for a territorial unit to which this Convention has been extended in accordance with Article 25 after the Convention has entered into force for the State making the declaration, on the first day of the month following the expiration of three months after the notification of the declaration referred to in that Article.

## Article 29
*Establishment of relations pursuant to the Convention*

1.      This Convention shall have effect between two Contracting States only if neither of them has notified the depositary regarding the other in accordance with paragraph 2 or 3. In the absence of such a notification, the Convention has effect between two Contracting States from the first day of the month following the expiration of the period during which notifications may be made.

2.      A Contracting State may notify the depositary, within 12 months after the date of the notification by the depositary referred to in Article 32(a), that the ratification, acceptance, approval or accession of another State shall not have the effect of establishing relations between the two States pursuant to this Convention.

3.      A State may notify the depositary, upon the deposit of its instrument pursuant to Article 24(4), that its ratification, acceptance, approval or accession shall not have the effect of establishing relations with a Contracting State pursuant to this Convention.

4.      A Contracting State may at any time withdraw a notification that it has made under paragraph 2 or 3. Such a withdrawal shall take effect on the first day of the month following the expiration of three months following the date of notification.

## Article 30
*Declarations*

1.      Declarations referred to in Articles 14, 17, 18, 19 and 25 may be made upon signature, ratification, acceptance, approval or accession or at any time thereafter, and may be modified or withdrawn at any time.

2.      Declarations, modifications and withdrawals shall be notified to the depositary.

3.      A declaration made at the time of signature, ratification, acceptance, approval or accession shall take effect simultaneously with the entry into force of this Convention for the State concerned.

4.      A declaration made at a subsequent time, and any modification or withdrawal of a declaration, shall take effect on the first day of the month following the expiration of three months following the date on which the notification is received by the depositary.

5.      A declaration made at a subsequent time, and any modification or withdrawal of a declaration, shall not apply to judgments resulting from proceedings that have already been instituted before the court of origin when the declaration takes effect.

Article 31

*Denunciation*

1.      A Contracting State to this Convention may denounce it by a notification in writing addressed to the depositary. The denunciation may be limited to certain territorial units of a non-unified legal system to which this Convention applies.

2.      The denunciation shall take effect on the first day of the month following the expiration of 12 months after the date on which the notification is received by the depositary. Where a longer period for the denunciation to take effect is specified in the notification, the denunciation shall take effect upon the expiration of such longer period after the date on which the notification is received by the depositary.

Article 32

*Notifications by the depositary*

The depositary shall notify the Members of the Hague Conference on Private International Law, and other States and Regional Economic Integration Organisations which have signed, ratified, accepted, approved or acceded to this Convention in accordance with Articles 24, 26 and 27 of the following –

(a)     the signatures, ratifications, acceptances, approvals and accessions referred to in Articles 24, 26 and 27;

(b)     the date on which this Convention enters into force in accordance with Article 28;

(c)     the notifications, declarations, modifications and withdrawals referred to in Articles 26, 27, 29 and 30; and

(d)     the denunciations referred to in Article 31.

In witness whereof the undersigned, being duly authorised thereto, have signed this Convention.

Done at The Hague, on the 2nd day of July 2019, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Kingdom of the Netherlands, and of which a certified copy shall be sent, through diplomatic channels, to each of the Members of the Hague Conference on Private International Law at the time of its Twenty-Second Session and to each of the other States which have participated in that Session.

# STATUS TABLE

## 41: Convention of 2 July 2019 on the Recognition and Enforcement of Foreign Judgments in Civil or Commercial Matters

Entry into force: 1-IX-2023

Last update: 1-IX-2023
Number of Contracting Parties, incl. REIOs and States bound as a result of approval
by an REIO: 29

🖶 View and/or print full status report

*The expression "Contracting Party" covers both, cases in which the Convention has, and cases in which the Convention has not yet, entered into force for that Party, incl. an REIO, following the deposit of its instrument of ratification, accession, acceptance or approval (see column EIF in the chart).*

Contracting Parties (incl. REIOs and States bound by its approval) to this Convention [Protocol] that are also Members of the HCCH (i.e., the Organisation) are in **bold**; Contracting Parties that are not Members of the HCCH are in *italics*.

| Contracting Party* | S [1] | R/A/Ap/Su[2] | Type[3] | EIF[4] | EXT[5] | Auth[6] | Res/D/N/DC[7] |
|---|---|---|---|---|---|---|---|
| **Austria** | | 29-VIII-2022 | $A^{EU}\star$ | 1-IX-2023 | | | |
| **Belgium** | | 29-VIII-2022 | $A^{EU}\star$ | 1-IX-2023 | | | |
| **Bulgaria** | | 29-VIII-2022 | $A^{EU}\star$ | 1-IX-2023 | | | |
| **Costa Rica** | 16-IX-2021 | | | | | | D |
| **Croatia** | | 29-VIII-2022 | $A^{EU}\star$ | 1-IX-2023 | | | |
| **Cyprus** | | 29-VIII-2022 | $A^{EU}\star$ | 1-IX-2023 | | | |
| **Czech Republic** | | 29-VIII-2022 | $A^{EU}\star$ | 1-IX-2023 | | | |
| **Estonia** | | 29-VIII-2022 | $A^{EU}\star$ | 1-IX-2023 | | | |
| **European Union** | | 29-VIII-2022 | $A^{EU}$ | 1-IX-2023 | | | D |
| **Finland** | | 29-VIII-2022 | $A^{EU}\star$ | 1-IX-2023 | | | |
| **France** | | 29-VIII-2022 | $A^{EU}\star$ | 1-IX-2023 | | | |
| **Germany** | | 29-VIII-2022 | $A^{EU}\star$ | 1-IX-2023 | | | |

| Contracting Party* | S [1] | R/A/Ap/Su[2] | Type[3] | EIF[4] | EXT[5] | Auth[6] | Res/D/N/DC[7] |
|---|---|---|---|---|---|---|---|
| Greece | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Hungary | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Ireland | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Israel | 3-III-2021 | | | | | | |
| Italy | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Latvia | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Lithuania | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Luxembourg | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Malta | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Montenegro | 21-IV-2023 | | | | | | |
| Netherlands | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| North Macedonia | 16-V-2023 | | | | | | |
| Poland | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Portugal | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Romania | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Russian Federation | 17-XI-2021 | | | | | | |
| Slovakia | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Slovenia | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Spain | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Sweden | | 29-VIII-2022 | A$^{EU}$* | 1-IX-2023 | | | |
| Ukraine | 4-III-2020 | 29-VIII-2022 | R | 1-IX-2023 | | | |
| United States of America | 2-III-2022 | | | | | | |
| Uruguay | 2-VII-2019 | 1-IX-2023 | R | 1-X-2024 | | | |

\* (incl. REIOs and States bound by its approval)

---

1) S = Signature

2) R/A/Su = Ratification, Accession or Succession

3) Type = R: Ratification;

A: Accession;

A*: Accession giving rise to an acceptance procedure; click on A* for details of acceptances of the accession;

A$^{EU}$: Accession by the European Union

A$^{EU}$*: State bound as a result of the accession by the European Union

Ap$^{EU}$: Approval by the European Union

Ap$^{EU}$*: Bound as a result of the approval by the European Union

A**: Objection

C: Continuation;

Su: Succession;

Den: Denunciation;

4) EIF = Entry into force

5) EXT = Extensions of application

6) Authorities per Convention = Designation of Authorities

7) Res/D/N/DC = Reservations, declarations, notifications or depositary communications