# EXHIBIT 17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re Global Brokerage, Inc. f/k/a FXCM Inc. Securities Litigation | Master File No. 1:17-cv-00916-RA-BCM<br><br>CLASS ACTION |
| This Document Relates To: All Actions | |

**DECLARATION OF LAURENCE M. ROSEN**
**CONCERNING ATTORNEYS' FEES AND EXPENSES**

I, LAURENCE M. ROSEN, declare as follows pursuant to 28 U.S.C. §1746:

1. I am the managing partner of The Rosen Law Firm, P.A. ("Rosen Law"), Class Counsel in this Action. Rosen Law has represented Class Representatives Shipco Transport Inc. ("Shipco") and E-Global Trade and Finance Group, Inc. ("E-Global," and together with Shipco, "Plaintiffs") throughout this litigation. I have personal knowledge of the facts asserted herein.

2. A copy of Rosen Law's resume is attached to the Declaration of Joshua Baker as Exhibit 6.

3. For over six years, Rosen Law has been involved in this Action: from February 2017 through the preparation of these final approval papers. We actively engaged in the prosecution of the Action, including (a) conducted an extensive factual investigation, which included the review of publicly available documents about Global Brokerage, Inc. f/k/a FXCM, Inc. ("FXCM") and the individual Defendants; (b) researched, kept abreast of news released regarding the allegations, drafted and filed three amended complaints including the operative Third Amended Consolidated Securities Class Action Complaint ("TAC"); (c) moved for Lead Plaintiff appointment on behalf of Shipco and 683 Capital Partners, LP; (d) consulted with private investigators relating to the allegations in this action; (e) researched and filed oppositions to the

1

Defendants' motions to dismiss the first and second amended complaints, defeating the latter motion; (f) moved for and successfully obtained class certification after an evidentiary hearing; (g) completed discovery reviewing and analyzing hundreds of thousands of pages of documents; (h) deposed over a dozen fact witness; (i) defended and took several expert depositions; (j) defeated Defendants' motions for summary judgment and to exclude Plaintiffs' experts; (k) defeated Defendants' motion for interlocutory appeal of part of the Court's summary judgment decision; (l) participated in two separate mediations in September 2020 and December 2022; (m) negotiated the Settlement; (n) crafted the plan of allocation in consultation with Strategic Claims Services that treats Plaintiffs and all other members of the Class fairly; (o) moved for preliminary approval of the Settlement; (p) oversaw provision of notice to the Class; and (q) drafted the motion for final approval of the Settlement.

4.     The chart below summarizes the hours, rate, and lodestar of each Rosen Law attorney and professional staff who worked on this matter.

5.     The total number of hours spent on the litigation of the Action by my firm through today's date is 6,286.54. The total lodestar amount for attorney time based on the firm's current rates is $4,230,457.50. A breakdown of the lodestar is set forth in the chart below:

| TOTAL HOURS AND LODESTAR | | | |
|---|---|---|---|
| **Name and Position** | **Total Hours** | **Hourly Rate** | **Total Lodestar** |
| Laurence M. Rosen (P) | 12.90 | $1,075 | $13,867.50 |
| Phillip Kim (P) | 436.52 | $1,025 | $447,433.00 |
| Jacob A. Goldberg (P) | 0.90 | $1,025 | $922.50 |
| Jonathan Horne (P) | 6.90 | $875 | $6,037.50 |
| Gonen Haklay (C) | 109.00 | $850 | $92,650.00 |
| Erica Stone (C) | 47.76 | $800 | $38,208.00 |
| Brent LaPointe (A) | 942.18 | $750 | $706,635.00 |
| Joshua Baker (A) | 2,571.80 | $725 | $1,864,555.00 |
| Scott Kim (A) | 92.80 | $625 | $58,000.00 |
| Ryan Hedrick (A) | 22.93 | $550 | $12,611.50 |
| Daniel Sadeh (A) | 13.50 | $550 | $7,425.00 |

2

| | | | |
|---|---|---|---|
| Diane Danois (CA) | 187.20 | $500 | $230,750 |
| Sandra Smith (CA) | 243.25 | $500 | $161,650 |
| Debra Goodman (CA) | 296.40 | $500 | $195,000 |
| Christopher Williams (CA) | 679.00 | $475 | $313,005 |
| Jamie Gordon (CA) | 215.00 | $475 | $175,797.50 |
| Alex Shrage (CA) | 408.50 | $475 | $158,175 |
| **Total:** | **6,286.54** | | **$4,230,457.50** |

(P) - Partner; (C) – Counsel; (A) – Associate; (CA) – Contract Attorney;

6. My firm incurred a total of $603,476.51 in unreimbursed expenses in connection with the prosecution of this litigation, including anticipated expenses associated with this Motion. They are broken down as follows:

| TOTAL EXPENSES | |
|---|---|
| **Category** | **Amount** |
| Investigator Fees | $7,982.35 |
| Online Computer Legal Research, Document Retrieval, and Hosting Fees | $4,642.65 |
| Discovery Database Hosting Fees | $44,264.59 |
| Court Filing, Courtesy Copy, and Court Messenger Fees | $3,043.16 |
| *Pro Hac Vice* and Certificate of Good Standing Fees | $51.25 |
| Expert Fees | $449,895.19 |
| Court Reporter, Deposition, Videographer, and Transcript Fees | $54,079.53 |
| Mediation Fees | $20,562.39 |
| Service of Process Fees | $375.00 |
| FedEx and Postage Fees | $843.67 |
| Videoconference Call Fees | $136.35 |
| Press Releases and Notice to Class Members Fees | $3,705.14 |
| Travel, Transportation, Hotels, and Meals Fees | $13,625.94 |
| **TOTAL EXPENSES** | **$603,476.51** |

7. The expenses incurred are reflected in the books and records contemporaneously prepared by the firm. These books and records are prepared from expense vouchers, invoices, and other billing records, and are an accurate record of the expenses incurred. I have reviewed the expenses for which reimbursement is sought and confirmed that they were reasonably necessary for the effective and efficient prosecution and resolution of the litigation and reasonable in amount.

The expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

8.      My firm's compensation for services rendered and out-of-pocket expenses incurred in this case was and is entirely contingent on the success of the prosecution of the Action, and on the Court's approval of the fee and expense application. None of the attorneys' fees and expenses submitted to this Court has been paid from any source or has been the subject of any prior request or prior award in any litigation or other proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of June 2023, in New York, NY.

/s/Laurence M. Rosen

4