**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

YILI QIU, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

TARENA INTERNATIONAL, INC., SHAOYUN HAN, and YUDUO YANG,

Defendants.

CASE No.: 1:21-cv-03502-PKC-RML

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR: (I) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARDS TO <u>PLAINTIFFS</u>**

Lead Plaintiff Walter De Schutter and Named Plaintiffs Steven Clauter and Cynthia Lewis ("Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully submit this reply memorandum of law in further support of their motions for: (I) Final Approval of the Class Action Settlement and Plan of Allocation (ECF No. 49); and (II) An Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and an Awards to Plaintiffs (ECF No. 51) (the "Motions"). Plaintiffs also submit the Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing and Emailing of the Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date, dated February 2, 2024 ("Supp. Bravata Decl."), filed concurrently herewith, in support of their Motions.[1]

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested Awards to Plaintiffs, or to opt out of the Settlement Class, was January 19, 2024. Not a single objection has been filed (timely or otherwise). Supp. Bravata Decl. at ¶8. Strategic Claims Services ("SCS"), the Court-appointed Claims Administrator, received two requests for exclusion. *Id*. at ¶7. Neither exclusion request, however, is valid. *Id.* As detailed in Declaration of Josephine Bravata Concerning: (A) CAFA Notice; (B) Mailing and Emailing of the Notice; (C) Publication of the Summary Notice; and (D) Report on Requests for Exclusion and objections ("Initial Mailing Decl.") (ECF No. 53-1), these two exclusion requests were invalid as one was submitted by an entity that had no compensable losses and therefore was not a Settlement Class Member and the other request did not provide any of the required information to confirm whether the individual was a Settlement Class Member. Initial Mailing Decl. at ¶13. SCS reached out to this individual to request the

---

[1] All capitalized terms not otherwise defined herein have the meanings ascribed to them in the Second Amended Stipulation of Settlement, filed on August 18, 2023 (ECF No. 40).

1

required documentation, but has yet to receive any response. Supp. Bravata Decl. at ¶7. SCS has not received any additional exclusion requests since the Initial Mailing Decl. *Id.*

Accordingly, the Settlement Class's reaction supports final certification of the Settlement Class, final approval of the Settlement, final approval of the Plan of Allocation, and the requested attorneys' fees, expenses, and Awards to Plaintiffs. Therefore, the Court should enter the [Proposed] Order and Final Judgment, the [Proposed] Order Approving the Plan of Allocation, both submitted concurrently herewith, and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Awards to Plaintiffs (ECF No. 51-1).

## I.      Plaintiffs and the Claims Administrator Completed the Court-Approved Notice Program

Pursuant to the Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, dated September 5, 2023 (ECF No. 41), a comprehensive notice program was completed, which included: mailing the Postcard Notice or emailing links to the Long Notice and Claim Form to 12,960 potential Settlement Class Members; disseminating the Summary Notice electronically over *GlobeNewswire* and in print in the *Investor's Business Daily*; and publishing all relevant Settlement documents on the Claims Administrator's website. Initial Mailing Decl. at ¶¶6-10, 12.

The Long Notice describes the Action and the Settlement, includes the Plan of Allocation, and informs Settlement Class Members about their rights, including their rights to file a claim, request to be excluded from, or object to any aspect of the Settlement. Initial Mailing Decl., Ex. B, (ECF No. 53-1, at 13-23). The Summary Notice directed Settlement Class Members to the Settlement website (www.strategicclaims.net/Tarena) and informed Settlement Class Members of their right to: (i) submit an objection to any aspect of the Settlement or to the requested awards of attorneys' fees and expenses; or (ii) request exclusion from the Settlement

Class. Initial Mailing Decl., Ex. E, (ECF No. 53-1 at 34-36). In response to the notice program, SCS has received 2,399 claims which are currently undergoing quality assurance reviews. Supp. Bravata Decl. at ¶9. The valid claims have recognized losses of almost $6.6 million. *Id.*[2]

**II.     The Lack of Objections Supports Final Approval of the Settlement, the Plan of Allocation, and the Request of Attorneys' Fees, Reimbursement of Expenses, and Awards to Plaintiffs**

The deadline to object to any aspect of the Settlement was January 19, 2024. Supp. Bravata Decl. at ¶8. No Settlement Class Members have objected to any aspect of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or the Awards to Plaintiffs.

A "[l]ack of objection is strong evidence of the settlement's fairness." *In re Luxottica Grp. S.p.A. Secs. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006). Indeed, "'the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry' into the fairness and adequacy of the settlement." *In re Signet Jewelers Ltd. Secs. Litig.*, No. 1:16-cv-06728, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005)); *see also, In re Flag Telecom Holdings, Ltd. Secs. Litig.*, No. 02-CV-3400, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate.").

Further, the Settlement Class's favorable reaction, to wit, "[t]he absence of any objections and the small number of requests for exclusion," also supports approval of the Plan of Allocation. *Signet*, *supra id.*; *see also In re Veeco Instruments Inc. Secs. Litig*., No. 05 MDL

---

[2] To date, the deficient claims have total recognized losses of $6,407. Supp. Bravata Decl. at ¶9. Deficient claims are typically claims lacking adequate documentation. The opportunity to cure those deficiencies have and will be provided. Ordinarily, deficiencies are cured by the time a motion for distribution is made.

01695, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Additionally, the lack of any objection to the requested attorneys' fees and expenses, which were included in the Notice, supports awarding the amounts requested. *See In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (Class members' reaction to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954, 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) (that "no class members have explicitly objected to these attorneys' fees supports their award," and noting there were no objections to the requested expenses and finding "them to be reasonable"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought. As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application.").

Finally, the lack of any objections to the requested Awards to Plaintiffs also supports approval of this request. *See In re Facebook, Inc. IPO Sec. & Derivative Litig.*, No. MDL 12-2389, 2015 WL 6971424, at *13 (S.D.N.Y. Nov. 9, 2015) ("[N]o objections to the incentive awards have been made…Accordingly, the incentive awards are approved as reasonable."); *In re Flag Telecom Holdings*, 2010 WL 4537550, at *31 (granting lead plaintiff awards when "[n]o objections to these requests have been filed").

### III.   The Lack of Valid Exclusion Requests Supports Final Approval

The deadline to opt out of the Settlement was January 19, 2024. Supp. Bravata Decl. at ¶7. Although 12,960 potential Settlement Class Members were notified directly about the Settlement, SCS received only two invalid requests for exclusion. *Id*. That no Settlement Class Members submitted valid exclusion requests supports final approval. *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (Where 16 of approximately 1,500 class members requested exclusion, the "response demonstrate[d] strong support for the settlement."); *see also*, *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) (34 requests for exclusion from nearly 400,000 mailed notices was a "minimal" number that "militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable.").

Accordingly, the Settlement Class Members' overwhelmingly positive reaction to the Motions strongly supports their approval.

### IV.   Significant Risks of Litigation Against China-Based Defendants Strongly Supports Final Approval

In the Memorandum of Law in Support of Final Approval of the Class Action Settlement and Plan of Allocation ("Final Approval Memorandum") (ECF No. 50), Plaintiffs discussed the significant risks associated with litigating against China-based defendants. These defendants, taking advantage of the absence of a judgment enforcement agreement between the U.S. and China, may be inclined to stop engaging in ongoing litigation, leaving harmed U.S. investor with no recourse. Plaintiffs gave the example of *Vanderhoef v. China Auto Logistics, Inc., et al.,* No. 2:18-cv-10174-CCC-ESK (D.N.J.), where China Auto Logistics, Inc. and the China-based individual defendants stopped participating in the action and paying their counsel, including K&L Gates LLP. Despite defeating a motion to dismiss, plaintiffs eventually had to voluntarily

5

dismiss their claims once counsel withdrew and new counsel was not secured. *See* Final Approval Memorandum at 11-13.

Recently, in *Chen v. Missfresh Limited, et al.,* Case No. 1:22-cv-09836-JSR (S.D.N.Y.), China-based corporate defendant Missfresh Limited ("Missfresh") walked away from a settlement agreement in principle as its counsel, Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), was forced to withdraw during the finalization of the settlement in late January 2024. In support of its request to withdraw, Skadden explained that Missfresh was unable to fund the settlement and had not paid any legal fees. (*Missfresh,* ECF Nos. 89-91). On January 29, 2024, Judge Rakoff granted Skadden's withdrawal request. Missfresh is another example of the real risks plaintiffs face in litigating against Chinese issuers—and further supports approval of the Settlement here.

<u>**CONCLUSION**</u>

For the reasons stated herein and in Plaintiffs' previously filed memoranda, Plaintiffs respectfully submit that the Court should enter (i) the [Proposed] Order and Final Judgment finally certifying the Settlement Class and finally approving the Settlement, filed concurrently herewith, (ii) the [Proposed] Order Approving the Plan of Allocation, filed concurrently herewith, and (iii) the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Awards to Plaintiffs (ECF No. 51-1).

Dated: February 2, 2024                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           By: */s/ Phillip Kim*
                                           Phillip Kim (Pronouns: he/him/his)
                                           Jing Chen (Pronouns: she/her/hers)
                                           275 Madison Avenue, 40th Floor

New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
        jchen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 2, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system

*/s/ Phillip Kim*
Phillip Kim